## James S. Barton, Appellee, v. Foster Coulson, Appellant.

### Gen. No. 6,115.

1. JOINT ADVENTURE, § 8*—*when action at law maintainable to recover proceeds of joint adventure.* Where the evidence shows that plaintiff and defendant bought a lot of cattle together and shipped them to another point and sold them there and the transaction resulted in a loss, and that the amount thereof had been ascertained between the parties and one had agreed to pay the other one-half the loss, an action at law may be maintained by the latter against the former to recover the amount so promised.

2. JOINT ADVENTURE, § 8*—*when statement showing gross and net proceeds and charges admissible.* Where, in an action to recover an amount claimed to be due from defendant to plaintiff on a joint adventure, plaintiff's evidence showed that he obtained a written statement showing the gross proceeds of the sale under such adventure, the charges incurred therein and the net proceeds; that he had bought the commodity at the price agreed upon between him and defendant and that defendant was present and knew what the price was; that the net proceeds showed the loss of a certain amount, and that this statement and result was shown by him to defendant and the latter promised to pay his half thereof, such evidence renders competent the statement from the third person showing the gross and net proceeds and charges.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. ACCOUNT STATED, § 4*—*when rendition of statement equivalent to stated account.* In an action to recover an amount claimed to be due on a joint adventure, the presentation by plaintiff to defendant of a statement showing the gross and net proceeds and the ascertainment between them of the amount, when accompanied by proof that defendant then and thereafter promised to pay the plaintiff one-half of the loss incurred, makes the presentation of the statement in legal effect an account stated, the correctness of the items of which need not be proved.

4. JOINT ADVENTURE, § 8*—*when evidence sufficient to support verdict.* Evidence in an action to recover an amount claimed to be due from defendant to plaintiff on a joint adventure, examined and *held* sufficient to support a verdict and judgment for plaintiff.

Appeal from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

JAMES H. RENNICK, for appellant.

JOHN W. FLING, JR., for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Barton sued Coulson before a justice. The case was tried by a jury in the County Court on appeal and plaintiff had a verdict for $100.52, and a judgment thereon, from which defendant appeals.

Appellee claimed that he and appellant bought a bunch of cattle together and shipped them to Chicago and sold them there, and that the transaction resulted in a loss of $201.04. He sued and recovered a verdict for one-half that loss. Appellant claims that no such transaction took place and that he had no interest in said shipment of cattle, that if there was such a transaction, it was a partnership and could only be adjusted in a court of equity; that the statement from the firm at the stock yards which sold the cattle was improperly admitted in evidence; that there is no proof there was any loss; and that the evidence does not sustain the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Each of the parties has long been engaged in buying, shipping and selling cattle. This was the only transaction between them disclosed by the evidence. Upon the question whether an action at law can be maintained for the loss in this case, or resort must be had to equity, the following statement of the law is made in 2 Bates on Partnership, section 865: "Where the partnership consists of a venture in a single transaction or single purchase, which is closed up and finished, and there are no accounts with third persons to adjust or debts to be provided for by sale and distribution of effects, but the sole question is how much one partner owes the other, an action at law has been sustained between them, being purely a money demand on a single item." In *Hanks v. Baber,* 53 Ill. 292, the court said: "When partners have settled their partnership accounts and a balance is ascertained, an action of assumpsit will lie for money due on an account stated." In *Hurley v. Walton,* 63 Ill. 260, which was an action of assumpsit, the court said: "We are of opinion that the transaction out of which the present claim arose may be regarded as a single adventure between the parties, in which they were only jointly interested, and, therefore, wanting in all the elements to constitute a co-partnership." A judgment for plaintiff was affirmed. *Purvines v. Champion,* 67 Ill. 459. In *Gottschalk v. Smith,* 156 Ill. 377, it was held: "An action for money had and received may be maintained for a share of the profits of a single joint enterprise, under an agreement that such profits should be equally divided, where the transaction is completed and the profits received by the defendant." In *Southworth v. People,* 183 Ill. 621, the court said: "Where two parties engage in a single adventure in which they are jointly interested, the transaction does not constitute the parties partners so as to oust a court of law of jurisdiction." A similar principle is referred to in *Fish v. Lapsley,* 128 Ill. App. 611; *Aldrich v. Mathias,*

167 Ill. App. 589; and *Clark v. Sidway,* 142 U. S. 682. Authorities in other States holding otherwise are found in a note in 5 L. R. A. (N. S.) 510. Here, the cattle had been sold, a loss had been sustained and the amount thereof had been ascertained between the parties, and appellant had agreed to pay one-half the loss, if the jury were warranted in believing the evidence introduced by appellee. Under such circumstances we hold that an action at law could be maintained.

According to the proofs introduced by appellee, he obtained a written statement showing the gross proceeds of the cattle and the charges at the stock yards and the net proceeds, and he had bought the cattle at a price agreed upon between himself and appellant, and appellant was present when the cattle were weighed and knew what that price was, and the net proceeds deducted from the cost showed a loss of $201.04, and this statement and result was shown by appellee to appellant and the latter promised to pay his half thereof. This proof made the statement from the stock yards competent evidence.

Appellee did not produce any witness who testified that there was a loss on these cattle. We conclude that the presentation of this statement by appellee to appellant and the ascertainment between them of the amount and the proof that appellant then and several times afterwards promised to pay appellee one-half thereof makes this in legal effect an account stated, in which case the correctness of the items need not be proved. 1 Cyc. 485; 1 R. C. L. 213; *Weigle v. Brautigam,* 74 Ill. App. 285, and cases there cited.

It is argued that the verdict is not supported by the evidence. It is clear that appellant was familiar with the business of buying cattle and shipping them to Chicago for sale, and that he had talked with some one about buying these cattle, and that he was present when they were delivered and weighed and took some part in that transaction. There is evidence that he

told two or three parties that he was in with appellee on this shipment, and there is a preponderance of evidence that he promised to pay appellee one-half of this loss after it was ascertained. The jury and the trial judge believed the witnesses for appellee. There was little against their statements except an unqualified denial by appellant. In view of the law as we have hereinbefore stated it, the instructions are not seriously imperfect.

The judgment is affirmed.

*Affirmed.*