[No. 2120, February 23, 1918.]

## AMERICAN NATIONAL BANK OF SILVER CITY v. WOOD et al.

### SYLLABUS BY THE COURT.

1. Evidence of joint ownership in property is not sufficient in itself to prove partnership. Evidence examined, and held insufficient to hold parties liable as partners in fact.          P. 270

2. To charge one as a partner by estoppel or holding out it must be shown that he so conducted himself as to induce a reasonable person to deal with him in the honest belief that the partnership existed. The quantity or degree of proof necessary in such cases depends upon the facts and circumstances of each particular case.          P. 272

3. One entering into a contract in the name of a firm which does not exist may be bound thereby.          P. 273

Appeal from District Court, Grant County; Ryan, Judge.

Action by the American National Bank of Silver City, N. M., a corporation, against E. J. Wood, E. C. De Moss, and Elizabeth De Moss, partners doing business under the firm name of Wood & De Moss, and against Wood and De Moss. Judgment for plaintiff, against defendants Wood and Elizabeth De Moss, and they appeal. Affirmed as to Wood, and reversed as to Elizabeth De Moss, with instructions to grant her a new trial.

American National Bank v. Wood, 24 N. M. 268.

H. D. TERRELL, of Silver City, for appellants.

VELLACOTT & FOWLER, of Silver City, for appellee.

## OPINION OF THE COURT.

PARKER, J.  This action was brought in the district court for Grant county, by the American National Bank of Silver City, N. M., against Wood & De Moss, a copartnership, E. J. Wood, E. C. De Moss, and Elizabeth De Moss, partners, doing business under the firm name of Wood & De Moss.  The action was for damages for breach of contract to deliver Angora mohair. From a judgment rendered against E. J. Wood and Elizabeth De Moss the appellants have perfected this appeal.

In substance and effect the complaint alleged that on August 7, 1916, W. A. Heather and the appellants made and entered into a written contract, by the terms of which "Wood & De Moss," a partnership composed of E. J. Wood, E. C. De Moss, and Elizabeth De Moss, agreed to sell, and Heather to purchase, all mohair clipped from appellants' Angora goats, delivery thereof to be made f. o. b. Lordsburg, N. M., on or before October 20, 1916; that the agreed purchase and selling price of said product was 35 cents per pound for clear, white, and clean mohair, 30 cents per pound for stained or colored, mohair, and 5 cents per pound for "tags;" that Heather made a partial payment of $550, the balance of the purchase price to be paid upon the delivery of the mohair; that the approximate weight of said mohair was estimated at 5,500 pounds; and that it was agreed that Heather might assign said contract. The complaint also alleged that the said contract was assigned to appellee; that appellants refused to deliver said mohair, or any part thereof; that appellants clipped from said goats about 10,000 pounds of mohair, of the market value of 55 cents per pound, and under these allegations the appellee prayed that a judgment might be rendered in his favor and against appellants

for actual damages in the sum of $2,000, punitive damages in the sum of $1,000, and $550 partial purchase price paid to appellants by appellee.

The separate answers of the appellants, in effect, denied the material allegations of the complaint, and alleged that no partnership existed between the appellants, and that the Angora goats and the mohair clipped from them was the separate property of Elizabeth De Moss, and that neither E. C. De Moss nor E. J. Wood had any interest therein, and that Heather knew these facts at the time of the execution of said contract. The answer of Elizabeth De Moss alleged that, notwithstanding this knowledge on the part of Heather he induced Wood to execute said contract. Facts were also alleged showing that shortly after the execution of said contract Elizabeth De Moss advised Heather that she owned said goats and mohair, and that she did not care to sell the same, and therefore tendered to him the $550, which he had paid to Wood. Heather refused to accept the tender, stating that the contract had been assigned to a third person.

Eliminating for the present a consideration of questions concerning the admissibility of certain evidence, the principal proposition urged by appellants is that the evidence is insufficient to make the appellants liable to the appellee as partners. The evidence introduced on behalf of appellee discloses that Heather made an offer to E. C. De Moss to purchase mohair from him, and that De Moss, in the presence of Heather restated the offer to his wife, Elizabeth De Moss. The latter made no response to the offer, and seemed little interested in the matter. E. C. De Moss then, in the presence of Elizabeth De Moss, stated that they had better wait for Mr. Wood and talk the matter over with him, because he was an interested party. Thereafter negotiations were had between E. J. Wood, E. C. De Moss, and Heather, which resulted in the execution of said contract in the name of "Wood & De Moss." E. C. De Moss advised Heather that whatever he did in the prem-

ises was satisfactory to him, and according to the testimony of Heather he was led to believe that Wood, E. C. De Moss, and Elizabeth De Moss were interested in the mohair, and the goats. The evidence of Wood, testifying in behalf of appellee, was to the general effect that he was an employe of Elizabeth De Moss, and received $20 per month and one-half of the proceeds derived from the sale of the mohair clipped from the goats belonging to Elizabeth De Moss. It also appears that Elizabeth De Moss advanced the money to meet the running expenses incident to the operation of the business, and that this money was deposited in an account in a bank to the credit of "Wood & De Moss." Wood testified that this arrangement was made to obviate his personal account from becoming confused with the account carried to meet the expenses of carrying on the goat business. Some of the checks used to draw money from this account bore the words "Wood & De Moss, by —————," whereas, those subsequently used bore only the words "Wood & De Moss," printed in the upper left-hand margin. It was not shown that Heather had any knowledge of these matters, or that he relied thereon in dealing with the appellants.

[1] We are satisfied that the evidence is insufficient to justify the conclusion that Elizabeth De Moss and Wood were partners in fact in said business. Wood was merely an employe of Elizabeth De Moss. His compensation for his services was fixed at $20 per month and one-half of the proceeds derived from the sale of the mohair. We doubt that his interest in the mohair, under such circumstances, made him even a joint owner in the mohair. But even were he a joint owner of said property, this alone would not make him and Elizabeth De Moss partners. Wormser & Co. v. Lindauer, 9 N. M. 23, 29, 49 Pac. 896. Wood exercised no proprietary rights in the premises. He was a mere employe. Consequently the evidence will not justify the conclusion that Wood and Elizabeth De Moss were partners in fact.

[2] The evidence is likewise insufficient to justify the conclusion that the action of Elizabeth De Moss in the premises made her liable as a partner. The only evidence approaching the fact is that her husband, E. C. De Moss, in her presence, stated to Heather that Wood was an ''interested party.'' There is no evidence that Wood signed the contract at her instance or request, or that she had any knowledge of his action until it was consummated.. Nor is there any evidence that she acquiesced in or consented to the arrangement made by Wood. In fact the only evidence on the subject indicates that, immediately after she ascertained that such a contract had been made, she took prompt steps to make it known that she had not given her consent to the sale of the mohair on the terms stated. In 2 Rowley on Modern Law of Partnership, § 906 et seq., will be found a full discussion as to the law concerning the quantum of proof necessary to charge one as a partner by estoppel. Among other things it is stated therein that ''no absolute rule can be given as to the quantity or degree of proof necessary in such cases.'' The test seems to be whether or not the person sought to be charged so conducted himself as to induce a reasonable person to believe that a partnership existed, and deal with him upon that basis. Without restating the evidence on this point it is sufficient to say that it falls far short of a compliance with the rule. But little importance can be ascribed to the statement of Heather that he was led to believe that a partnership existed between appellants, because none of the facts to which he testified supports the statement. It is evident that his impression was obtained, and rightly we believe, from the acts and conduct of Wood and E. C. De Moss, but the cause was dismissed as to the latter, so we need not consider his relation to this case. The statements made by E. C. De Moss had no binding effect upon Elizabeth De Moss. There is no evidence that the latter permitted either her husband or Wood to hold her out as a partner to Heather. And there is no evidence that she was

held out to Heather as a partner, nor that if held out as such that she had any knowledge thereof. The judgment as to Elizabeth De Moss must therefore be reversed.

[3] The evidence, however, is amply sufficient to hold Wood liable on the contract. In the name of "Wood & De Moss" he undertook to contract for the sale of mohair to appellee's assignor. He admitted that there was no such firm in existence. He contracted for himself and some other person named "De Moss," but just who that person was is immaterial so far as his liability is concerned. Evidently he contracted for himself and assumed to contract for Elizabeth De Moss, but was without right or power to contract for her. So far as this case is concerned, no firm was in existence doing business under the name of "Wood & De Moss" at the time Wood executed this contract. Under such circumstances he made himself individually liable. The rule is stated in 30 Cyc. 531, as follows:

"One entering into a contract in the name of a firm which does not exist * * * may be bound thereby."

Consequently there is no doubt as to the liability of Wood to appellee.

Appellants contend that the court erred in permitting the introduction of evidence tending to show that "Wood & De Moss" were listed in the official Wool Growers' Association of the United States. In view of our conclusion that no partnership existed between Wood and Elizabeth De Moss, and as this evidence is directed to showing that such relation did exist, it is rendered immaterial. But an additional reason exists for holding that the court did not err in this respect. The record discloses that preliminary proof concerning this matter was admitted, but that proof tending to show the fact itself was rejected.

Appellants contend that evidence of general reputation to prove the existence of a partnership is inadmissible, unless shown to have been known or acquiesced in

by party to be charged. This likewise is rendered immaterial, in view of our conclusion that neither a partnership in fact nor by estoppel existed between the parties. The same applies to other objections made by appellants.

Several other propositions are argued by appellants, but none of them is of such serious import that our conclusions thereon would warrant a reversal of the case as to Wood.

For the reasons stated, the judgment will be affirmed as to Wood and reversed as to Elizabeth De Moss, with instructions to grant her a new trial; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.