(No. 2864. Dec. 29, 1924)

## HANNETT v. KEIR et al.

### SYLLABUS BY THE COURT

1. The intent of the parties is the controlling considera-
tion in determining whether a partnership exists between
them.

2. Where no partnership exists in fact, before a person
can be charged as such, he must have so conducted himself
as to induce a reasonable person to believe in and rely upon
the existence of the partnership.

Appeal from District Court, McKinley County;
Holloman, Judge.

Action by A. T. Hannett, administrator of the
estate of James Mair, deceased, against William Keir
and another. From judgment for plaintiff as against
defendant, Merchants Bank, it appeals. Affirmed and
remanded with directions.

E. A. Martin and J. W. Chapman, both of Gallup
for appellant.

A. T. Hannett, of Gallup, pro se.

### OPINION OF THE COURT

PARKER, C. J. James Mair, a stone mason, and
William Keir, a carpenter, submitted a joint bid
for the performance of certain labor for the govern-
ment in repairing the Tohatchi Indian school build-
ing, which was accepted, and they entered into a joint
contract to perform the services and gave a joint bond
as security therefor. They performed the services, and
in due time a warrant was issued on the United States
Treasury for the payment of the amount due. The
warrant was issued to them as individuals, and one-
half of the money belonged to each. Without the
knowledge of Mair, Keir obtained possession of the
warrant, signed his own name and Mair's name to
the indorsement thereon, presented the same to the
appellant bank, who gave him the money thereon, and
in due course received the money from the government.
This action was brought by Mair against the bank
and Keir to recover one-half of the money. Subse-

quent to the trial, Mair died, and, the cause being revived in the name of his administrator, the present appellee, judgment was rendered in favor of the latter, against the appellant bank.

[1] 1. The appellant must rely, and does, upon the proposition that there was a partnership existing between Kier and Mair which authorized the indorsement of the warrant by Keir. Otherwise there was no authority to indorse Mair's name, and the bank took no title so far as Mair was concerned, and will be liable for his part of the money. The evidence shows there was no contract for partnership between these parties, no firm name, no books of account, no agreement to share profits and losses; there was simply an agreement to share the gross proceeds of their separate efforts in different departments of the work, one doing his carpenter work and the other his masonry work, and neither having anything to do with the other's work. There is no evidence whatever that either ever contemplated the assumption of a partnership relation, with the usual powers of one partner to represent both in the business in hand. Had their business been of such a character as to necessarily require the exercise of such powers, a partnership might have been created, but such is not the case. The test most usually applied to determine whether a partnership exists, as between themselves, is to inquire into the intent of the parties. If there is no intent to assume that relation it does not exist, 20 R. C. L. "Partnership," § 36; 1 Rowley, Mod. Law Partnership, § 102. Here, surely, there was no such intent, nor did either do anything which would authorize the other to collect more than his half of the money. As between themselves, then, they were not partners, as the court found.

[2] 2. The appellant bank is liable to the appellee, unless Mair by some act or declaration had misled it to believe in the existence of a partnership relation such as would authorize Keir to collect the money. American National Bank v. Wood, 24 N. M. 268, 171

P. 507.   The evidence shows that Mair never at any time made any statement to the bank upon this subject or any other, and never had any business whatever with the bank.   The bank had knowledge of the contract and bond by reason of its cashier having taken the acknowledgments to the same, and he heard some conversation between the parties, and was told by a third party, of Mair having stated that they were partners, from all of which he concluded that they were partners, and, when the warrant was presented with both names indorsed thereon, he made no inquiries and cashed the same upon the theory that Keir, as a partner, had power to indorse the paper and collect the money.   He relied upon his own judgment of the law under the facts as he had heard them, not upon any acts or representations of Mair.   In this he was in error, as before seen.   Of course, the indorsement of Mair's name, and the presentation of the warrant by Keir, was a representation by him either that he had authority to make the indorsement or that Mair's signature was genuine; but, so far as shown, even Keir made no claim to derive authority from any partnership relation.   The matter was not discussed at all, the bank cashier simply assuming the power from a partnership relation.   The appellant bank was not dealing with these parties as a firm, and never had.   It was a case of dealing with an ordinary piece of negotiable paper, made payable to two persons, and was wholly unconnected with any business of the parties as a firm.   Under such circumstances it was the duty of the bank to inquire into the matter of the indorsement and the right to the proceeds, as in any other case.   This it failed to do, and must sustain the loss upon the same.

It follows from the foregoing that the judgment of the district court was correct and should be affirmed, and the cause remanded, with directions to proceed accordingly, and to enter judgment against the sureties on the supersedeas bond; and it is so ordered.

BOTTS and FORT, JJ., concur.