[No. 3383. April 8, 1930.]

HODGES et ux. v. RUTHERFORD et al.

[287 Pac. 289.]

F. Faircloth, of Santa Rosa, for appellants.

E. R. Wright, of Santa Fe, and W. G. Haydon, of East Las Vegas, for appellees.

OPINION OF THE COURT

CATRON, J.

From a mortgage foreclosure judgment, defendants, William X. Hodges and Lee Hodges, his wife, appeal.

Appellants were made parties defendant on account of certain alleged oil and mineral rights, claimed by them to be superior to the mortgage. They contend that, at the time the mortgage was executed by Frank W. Dudley to the F. B. Collins Investment Company, he was not the owner of the land and did not acquire title thereto from appellants, who were the owners thereof, until the following day; that a reservation to appellants of one-half interest in oil and mineral having been erroneously omitted from their deed to Dudley, and such error having been corrected by an agreement between them some two weeks subsequent to the mortgage, they had an oil and mineral interest in the premises superior to the mortgage of the plaintiff. They also contend that they are entitled to have three disinterested appraisers appointed to ascertain the value of their interest in the oil and mineral so that they might segregate the same from the mortgage and redeem their interest without redeeming the entire property.

Both of appellants' contentions are of necessity based upon the assumption that their contract with mortgagor transferred an interest in the real estate. If their promise be faulty, their contentions fall.

The contract in question is between Frank W. Dudley and William X. Hodges. The material portion thereof is as follows:

"It is hereby agreed by both the above named parties that the net proceeds of all mineral and oils shall be equally shared by the above said Frank W. Dudley and William X. Hodges for a period of time designated as indefinitely and it is further agreed that in the event of future conveyances the net proceeds of all minerals and oils obtained on said land to which Frank W. Dudley is hereby entitled, shall be conveyed to such person or persons obtaining title to said land and that the said half of net proceeds to which William X. Hodges is entitled to under this agreement, shall extend to the heirs of said William X. Hodges or such person or persons to whom said William X. Hodges shall convey said mineral right."

This is not a conveyance of nor a contract for an interest in real estate. It is a personal contract between Frank W. Dudley and William X. Hodges for one-half of the net proceeds of all oil and mineral which may thereafter be taken from the real estate. Appellants' premise being incorrect, their contentions in this court are without merit.

Finding no error, judgment of the trial court must be affirmed, the causes remanded and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

WATSON and SIMMS, JJ., did not participate.