55 P.(2d) 739

## McCULLOH v. DOYLE.

### No. 4089.

Supreme Court of New Mexico.

Jan. 27, 1936.

Rehearing Denied March 28, 1936.

G. O. Caldwell, of Mountainair, for appellant.

C. C. McCulloh, of Estancia, for appellee.

HUDSPETH, Justice.

G. T. McCulloh sued J. H. Doyle, Jr., for $1,265.85 which he alleged was one-half the loss suffered on 1,318 bags of beans bought by the parties as a joint venture. A jury was waived and the cause tried to the court.

Judgment for $793.35 was rendered for the plaintiff, and this appeal followed.

The two points relied upon for reversal are that the complaint fails to state facts sufficient to constitute a cause of action and that the judgment is unsupported by substantial evidence.

No finding of fact was requested by appellant and no objection made to the findings of the court except the general objection and exception inserted in the judgment entry. On this record the appellant is not entitled to invoke a review of the evidence by this court. It was the duty of the court, after the waiver of a jury, to ascertain the intention of the parties as disclosed by their acts in connection with the entire transaction. Hannett v. Keir, 30 N.M. 277, 231 P. 1090. The findings warrant the inference drawn by the court to the effect that it was the intention of the parties to engage in the joint venture for profit. The absence of an express agreement to share the losses—an admitted fact —is not fatal, since the mutual liability for losses may and will be implied as a legal consequence from an agreement to share profits. First Nat. Bank v. Hoover, 114 Kan. 394, 218 P. 1003; Malvern Nat. Bank v. Halliday, 195 Iowa, 734, 192 N.W. 843; Arnold v. Humphreys, 138 Cal.App. 637, 33 P.(2d) 67; Bond v. O'Donnell, 205 Iowa, 902, 218 N.W. 898, 63 A.L.R. 901, and anno.; Keiswetter v. Rubenstein, 235 Mich. 36, 209 N.W. 154, 48 A.L.R. 1049, and anno.

Appellant overlooks the line of demarcation between partnership and joint adventure recognized in this state [Tharp v. Massengill, 38 N.M. 58, 28 P.(2d) 502] and cites Wormser & Co. v. Lindauer, 9 N.M. 23, 49 P. 896, and other cases in support of his theory that the only remedy appellee had against his copartner was an equitable action for an accounting. The great weight of American authority is against appellant's theory. It is generally held that, where the association as partners is for a single transaction, one partner, at its close, may maintain an action at law against the other for losses without a formal accounting. Saunders v. McDonough, 191 Ala. 119, 67 So. 591; Chapman v. Dwyer (C.C.A.) 40 F.(2d) 468; Champion v. D'Yarmett (Tex.Civ.App.) 293 S.W. 587; Mitchell v. Reolds Farms Co., 268 Mich. 301, 256 N.W. 445; Hoffman v. Mittlemann, 147 Misc. 442, 263 N.Y.S. 899; Barton v. Coulson, 196 Ill.App. 212; 2 Rowley, Modern Partnership, § 748.

"A member of a joint adventure who has been injured by a breach of contract by his associate, * * * or of a loss suffered in the business which the associate has expressly or impliedly agreed to pay, may, in a case where the amount of plaintiff's claim is capable of ascertainment and computation by a jury, bring an action at law to redress his grievance, and may in such action recover the damages which he has suffered from the injury alleged." 33 C.J. 866.

Finding no error in the record, the judgment will be affirmed. It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and ZINN, JJ., concur.