83 P.2d 981

SPARKS & CO., Inc., v. HAWKS.

No. 4395.

Supreme Court of New Mexico.

Oct. 26, 1938.

Riley Cleveland, of Hobbs, for appellant.

Askren & Watson, of Roswell, for appellee.

BICKLEY, Justice.

Sparks & Company, Inc., sued J. W. Hawks, W. M. Hawks, and B. H. Langford for $497.98, balance due for goods, wares and merchandise purchased. A jury was waived and the court rendered a joint and several judgment against the three defendants for the amount sued for. J. W. Hawks appeals.

Appellant's assignments of error are:

"1. The Complaint is insufficient upon which to base the judgment against plaintiff in error.

"2. The finding of facts made by the court are contradictory.

"3. The finding of facts made are insufficient to support the judgment.

"4. There is no evidence to support the finding of facts and the judgment made and entered herein."

As to Assignment No. 2, the appellant fails to point out in what way the findings of fact made by the court are contradictory. We therefore disregard that assignment.

The record discloses that appellant made no objection or exception to the trial court's findings of fact. The only exception to the findings or judgment appears in the judgment and is: "To which findings and judgment the defendants, J. W. Hawks and W. M. Hawks, duly except."

Neither did he request findings or otherwise raise at the trial of the cause the question of the insufficiency of the evidence to support the findings. Appellant cannot now raise the question presented in his assignment of error No. 4. See Wells v. Gulf Refining Co., 42 N.M. 378, 79 P.2d 921, and cases cited; McCulloh v. Doyle, 40 N.M. 126, 55 P.2d 739; Stidd v. Marks, 36 N.M. 188, 10 P.2d 1103. Furthermore, appellant in his reply brief seems to abandon this assignment of error.

The remaining assignments hinge upon the question whether the court's finding No. 3, to-wit: "That prior to the sale of the merchandise, O. M. Sparks, managing officer of the plaintiff, interviewed the defendant J. W. Hawks and defendant J. W. Hawks stated that he was a partner in the business and that the credit arrangements for the sale of such goods and subsequent goods were made by O. M. Sparks, acting for the plaintiff, with the said J. W. Hawks and upon the credit of the said J. W. Hawks," is sufficient to fix appellant's liability as a partner of the other two defendants.

"* * * If a person holds himself out, either actively or passively, or permits himself to be held out as a member of a partnership, and so, perhaps, induces third parties to deal with the firm and extend credit upon the belief that the party estopped was a member thereof, and upon the credit of this party, when otherwise they would not have so dealt, he should not then be allowed to deny his apparent connection with the partnership, and so escape liability, to the detriment of the creditors who relied upon his acts or representations. * * * The only means by which persons between whom there is no actual partnership can be held liable as partners is by making out a case of estoppel against them, and all the elements of estoppel must exist." Rowley, Modern Law of Partnership, § 91.

This court approved this general rule when it held in American National Bank v. Wood, 24 N.M. 268, 171 P. 507, that: "To charge one as a partner by estoppel or holding out it must be shown that he so conducted himself as to induce a reasonable person to deal with him in the honest belief that the partnership existed. The quantity or degree of proof necessary in such cases depends upon the facts and circumstances of each particular case." See, also, Hannett v. Keir, 30 N.M. 277, 231 P. 1090.

When the court found that appellant stated to O. M. Sparks that he was a partner in the enterprise for which the merchandise was to be furnished, prior to the sale of the goods, and O. M. Sparks relied on that statement and sold the goods to the defendants "upon the credit of the said J. W. Hawks", the appellant was estopped to set up the real facts of no such relation.

The judgment is therefore affirmed, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.