382 P.2d 529

Reese P. FULLERTON, Plaintiff-Appellant,

v.

Lucille C. KAUNE, Individually, and as Executrix of the Last Will and Testament of Henry E. Kaune, Deceased, and Edward Kaune, Defendants-Appellees.

No. 7077.

Supreme Court of New Mexico.

April 15, 1963.

Rehearing Denied June 24, 1963.

Charles B. Barker, Santa Fe, Reese P. Fullerton, Scottsdale, Ariz., for appellant.

Bigbee & Stephenson, Harl D. Byrd, Santa Fe, for appellees.

CHAVEZ, Justice.

This is an action for a declaratory judgment in which the trial court entered an order and judgment dismissing the action, because it construed the action to be one for specific performance of an oral contract involving an interest in land and thus barred by the statute of frauds. No evidence was presented other than the

exhibits attached to the complaint. No. findings of fact were made. For the purpose of this appeal, we take the allegations of the complaint as being true.

Appellant alleged that he entered into an oral agreement in 1922 with Henry E. Kaune, now deceased, to the effect that a mineral prospecting permit would be acquired on lands owned by the federal government, with the understanding that the application for the permit would be in the name of decedent and that any lease procured would also be taken in decedent's name. The decedent would pay all monies, charges and expenses required to be paid; appellant was to prepare all necessary papers and to perform all legal work in connection with the enterprise. Resulting profits were to be shared equally between appellant and the decedent. Appellant did prepare the necessary papers and performed required legal work; the decedent furnished the required monies; a prospecting permit was obtained; and mineral leases were issued to the decedent. In time, the leases were assigned to an operator to procure their development. Overriding royalties of 6¼% of the value of all oil and gas produced and saved from the lands were reserved by the decedent.

In 1943, natural gas in paying quantities was discovered in well number 1. Shortly thereafter, the decedent represented to ap-

pellant that the decedent's brother had actually furnished the money that had been spent in connection with the procurement of the permit, leases, and all other matters relating to the same. He asked appellant if he would consent to receiving one-third of the reserved royalty with the balance to be split equally between the decedent and his brother. Appellant assented. At the suggestion of the decedent, an "Agreement" was entered into and signed by decedent and appellant by which appellant was assigned a one-third interest of the interest which the decedent had in the proceeds from well number 1. The decedent was to collect all the money from the royalty and then pay appellant one-third of such money. Appellant agreed to accept the one-third of the proceeds from the royalty as full payment for all services he rendered in connection with the lease or agreements for development of the quarter section of land described in the agreement, and for all claims that appellant might have against the decedent for services rendered or monies advanced in connection with the described quarter section. Until August 12, 1948, appellant received payments from the decedent in accordance with this agreement.

On August 12, 1948, a new agreement was made. Pursuant thereto, the decedent assigned his interest in well number 3 to appellant and decedent was to assign his interest in wells numbered 1 and 2 to him-

self and his brother. Decedent did execute and deliver an assignment to appellant but did not make an effective assignment to his brother. The reason for making this agreement and the subsequent assignments was so that appellant, the decedent, and the decedent's brother each could have the entire 6¼% royalty in one well.

Appellant alleged that while the decedent represented to him that wells numbered 2 and 3 had been developed on the leases in August, 1948, that in fact wells numbered 2, 3, 4 and 5 had been developed at that time, which fact had been fraudulently concealed by the decedent from appellant.

Appellant alleged that he had performed his part of the contract and still stood ready and willing to perform such acts as are necessary for the furtherance of the mutual interest of the parties.

The remainder of the complaint deals with the description of the realty involved, the location of the wells, the sands from which gas is being produced, and the statement of the claim for relief of appellant, which is to the effect that appellant is entitled to be paid the value of 6¼% of the gas produced and saved from well number 3 as it now exists, plus one-third of 6¼% of the value of the gas produced and saved from wells numbered 4 and 5, plus one-third of 6¼% of the gas or oil produced from wells numbered 1, 2 and 3, if new sands are tapped by further drilling and development of those wells.

In his first point on appeal, appellant contends that his complaint shows that a relationship of joint adventurers existed between the decedent and appellant. Assuming the existence of such a relationship, appellant has not properly pleaded its existence so that we may consider it. We are bound by the record. Otero v. Dietz, 39 N.M. 1, 37 P.2d 1110. This case consists of the complaint, the answer, the order and judgment of the trial court, and various documents dealing with this appeal. The complaint alleges the existence of certain facts but does not allege all of the elements of a joint adventure. A joint adventure is formed when, by agreement between the parties to the joint adventure, the parties combine their money, property or time in the conduct of some particular business deal, agreeing to share jointly in the profits and losses of the venture, and with a right of mutual control over the subject matter of the enterprise or over the property. 30 Am.Jur., Joint Adventures, § 6, p. 942, § 10, p. 945. The complaint alleges that all monies, charges and expenses required are to be paid by Kaune. There is no allegation that appellant is to share in the losses. Nothing is alleged in the complaint which can be construed to mean that appellant had any voice in the venture. While it is true that the right of

control may be expressly delegated entirely to one of the joint adventurers by the others in the deal, 30 Am.Jur., Joint Adventures, § 40, p. 967, absent an allegation of such delegation there must be included an averment to the effect that each participant to the agreement has a right of equal or joint control and direction. Without the element of control being included, appellant's amended complaint more accurately described the relationship of principal-attorney with payment of the attorney being based on the contingency of accrual of profits from decedent's investments than that of a joint adventure. Regardless of the proper title of the relationship between appellant and the decedent, it is apparent that it was not that of joint adventure.

 The issue of the existence of a joint adventure was not before the trial court and, therefore, will not be considered by us on appeal.

 Appellant sued for:

" * * * one-third of 6¼% of the value of all oil and gas produced and saved from any and all wells now in production or hereafter brought into production on any part of said lands * * *."

excepting the production from wells numbered 1 and 2 as they existed at the time of the complaint. In Terry v. Humphreys, 27 N.M. 564, 203 P. 539, the court said:

"When oil has been extracted and the lease has been performed, either in whole or in part, the question of the division between a life tenant and the remainderman has sometimes been called in question. In such a case the courts treat the various interests in the oil and gas, whether in the ground or by sale converted into a fund, as real estate, * * *."

Appellant would have us distinguish between his claim for a portion of the value of the gas produced and a claim for a portion of the gas itself. He asserts that a claim for the gas itself is a claim for a royalty interest and, therefore, realty itself, while a claim for a portion of the value of the gas is a claim for an interest in personalty. The reason for his desire for us to so distinguish is to avoid the impact of the statute of frauds on an oral contract for an interest in realty. We are not able to see the validity of the distinction drawn by appellant. According to Terry v. Humphreys, supra, it matters not whether the production from a mineral well is claimed or whether a portion of the fund resulting from the sale of the production is claimed; in New Mexico, both assets are realty.

 Appellant seeks to avoid this rule by stating that the royalty interest is an asset of a joint adventure and that, as a co-adventurer, his interest in the assets of

the joint adventure is an interest in personalty. We have already discussed ·his contention regarding the existence of a joint adventure and have dismissed it. Accordingly, we cannot sustain his claim as an interest in personalty on that basis.

Appellant next contends that due to his performance of the contract, the contract is thereby removed from the cognizance of the statute of frauds. His performance is stated in his complaint as being:

"* * * all legal work necessary or required in connection with the enterprise in which he and the said Henry E. Kaune [the decedent] were engaged; and the said work consisted of the preparation of a large number of documents filed with the Land Department, and of numerous proposed operating agreements, together with foluminous [sic] correspondence relating thereto, and that in all such things plaintiff consulted with and had the consent and approval of the said Henry E. Kaune to do any and all things that were in that respect done. Plaintiff has at all times held himself ready and willing to do any and all things necessary and required for the production and promotion of the mutual interests of the plaintiff and the said Henry E. Kaune in said enterprise, and still holds himslf [sic] ready and willing."

The acts comprising appellant's alleged performance are nothing more than any competent attorney may be called upon to do at a client's request, and are quite susceptible to pecuniary evaluation. They, therefore, do not constitute such performance as will remove the oral agreement from the contemplation of the statute of frauds. Paulos v. Janetakos, 41 N.M. 534, 72 P.2d 1; In re McGee's Estate, 46 N.M. 256, 127 P.2d 239.

Appellant contends that his complaint shows the decedent to be guilty of fraud. In his brief on appeal, appellant relies on an alleged confidential relation arising between appellant and the decedent because of their being co-adventurers, to avoid the requirements of § 21–1–1(9) (b), N.M.S.A., 1953 Comp., regarding the pleading of fraud. In the face of what has been said above pertaining to the existence of a joint adventure, we cannot permit such a deviation from the Rules of Civil Procedure on that basis. As appellant's complaint does not adhere to the requirements of Rule 9(b), this portion of it is insufficient on its face.

Appellant's assertion that appellees are estopped to plead the statute of frauds, as to permit appellees to do so would allow the statute of frauds to be used to perpetrate a fraud, is without merit. We said above that appellees have not been properly charged with fraud by appellant.

As fraud by appellees is not in issue, certainly this point cannot be sustained.

Appellant has not successfully pointed out any error by the trial court. Therefore, his sixth point is without merit as it merely alleges that the trial court erred in dismissing his amended complaint.

On its facts, this case is analogous to Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378, which was an action for specific performance of an oral contract, by which the defendants had promised plaintiff a 5% interest in mineral claims in return for services in locating the claims and for acting as the agent for one of the defendants in New Mexico. The trial court held the oral agreement to be within the statute of frauds as it involved an interest in realty.

We have characterized the interest which appellant seeks in this case as a royalty interest and, therefore, an interest in realty. Without the umbrella of the existence of a joint adventure, the oral agreement at bar is also within the scope of the statute of frauds.

It follows from what has been said that the judgment of the trial court is free from error and should be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.