# SAMUEL HORSFORD

v.

## GILBERT ROMEO, Appellant

No. 17,311

United States Court of Appeals
Third Circuit

Argued January 29, 1969
Decided March 14, 1969

---

BIRCH, MADURO, DEJONGH, FARRELLY, St. Thomas, Virgin Islands (ALEXANDER A. FARRELLY, ESQ., for counsel), *for appellant*

DUDLEY & GRUNERT, Charlotte Amalie, St. Thomas, Virgin Islands (GEORGE H. T. DUDLEY, ESQ., for counsel), *for appellee*

18

Before MARIS, VAN DUSEN and ALDISERT, *Circuit
Judges*

OPINION OF THE COURT

MARIS, *Circuit Judge*

This is an appeal by the defendant from a judgment
for the plaintiff in an action for the proceeds of the sale
of land. The land in question was located on the island of
Antigua and had been conveyed by the Government of
Antigua to the plaintiff and a certificate of title issued to
him in 1952. In 1966 the Government desired to acquire
the land as part of a missile site and since the plaintiff
was in New York the defendant obtained a power of attor-
ney from the plaintiff under which the defendant, acting
as the plaintiff's attorney in fact, conveyed the land to the
Government and received the proceeds, BWI $8,040.00.
The defendant paid the plaintiff US $200.00 of the pro-
ceeds but refused to pay the balance, whereon the plaintiff
instituted this suit. The defense, set up in the answer under
the heading of counterclaim, was that the defendant was
the equitable owner of the land and as such was entitled
to the proceeds of its sale and that the payment of $200.00
to the plaintiff was a gift. Upon consideration of the
sharply conflicting evidence the district court found that
the plaintiff had acquired title to the land in question from
the Government of Antigua and concluded that as against
the plaintiff the defendant had no interest in the land
which would entitle him to retain any of the proceeds of
the sale. Judgment was accordingly entered in favor of the
plaintiff for the proceeds of the sale, converted to U.S. cur-
rency, less the sum of $200.00 previously paid. The de-
fendant on appeal makes two contentions.

 The first contention of the defendant is that the
plaintiff failed to plead and prove the law of Antigua and

the court failed to apply that law in determining whether the legal title of the plaintiff to the land in question was subject to a trust in favor of the defendant as equitable owner. This contention is wholly without merit. In the first place the district court was entitled to presume, in the absence of any showing to the contrary, that the common law of Antigua, a common law jurisdiction, was the same in this regard as the common law of the Virgin Islands, which the court applied to the determination of the case. Restatement, Conflict of Laws § 622. And in the second place if the common law of Antigua on the question involved is different from that of the Virgin Islands the burden to establish that fact was upon the defendant who was asking the court to decide that he, and not the plaintiff, was the real owner of the land.

■ The other contention of the defendant is that the court erred in failing to take as admitted the factual allegations of his counterclaim, in view of the plaintiff's failure to file a reply thereto. There would be much force in this contention if the portion of the defendant's answer, which he called a counterclaim, were in fact such a pleading. Rule 8(d) F.R.C.P. However, the court will treat a defendant's pleading denominated a counterclaim as an answer raising affirmative defenses, regardless of its title, if the allegations of the pleading so require, Ettleson v. Metropolitan Life Ins. Co., 3 Cir. 1947, 164 F.2d 660, and vice versa, Sachs v. Sachs, 3 Cir. 1959, 4 V.I. 102, 265 F.2d 31. That is exactly what the court did in this case and it committed no error in so doing. Indeed the defendant, when he offered testimony in support of the allegations which he contends were admitted exhibited his lack of confidence in this contention.

The judgment of the district court will be affirmed.