691 P.2d 59

**S.B. CHRISTY, IV, Plaintiff-Appellant,**

v.

**PETROL RESOURCES CORPORATION, Energy Group, Cibola Energy Corp. (formerly Coronado Exploration Corporation); and, all unknown claimants of interest in the premises adverse to the Plaintiff, Defendants-Appellees.**

**No. 7729.**

Court of Appeals of New Mexico.

Oct. 25, 1984.

Michael T. Murphy, Rosenberg, Shuler, Murphy & Meyer, Carlsbad, for plaintiff-appellant.

Elizabeth Losee, Losee, Carson & Dickerson, P.A., Artesia, for defendant-appellee, Cibola Energy Corp.

## OPINION

WOOD, Judge.

The United States issued an oil and gas lease for lands in Eddy County, New Mexico. Plaintiff sought to quiet title, alleging that he was "the owner and holder in fee simple of (i) a 10% net profits interest, and (ii) an overriding royalty of 1% of the amount of all oil, gas, casinghead gas and other hydrocarbon substances which may

be produced, each under" the United States lease. The case was tried on stipulated facts. The trial court dismissed plaintiff's quiet title claims with prejudice. Plaintiff appeals. We discuss: (1) the net profits interest, and (2) dismissal with prejudice in light of the undisputed overriding royalty interest.

Gallo was the original lessee; he assigned the lease to Petrol Resources Corporation (Petrol), reserving an overriding royalty equal to 3% of ⅛ths of production. Thereafter Petrol executed, contemporaneously, two documents in favor of plaintiff. One document conveyed a 1% of ⅛ths overriding royalty to plaintiff. The second document assigned a 10% net profits interest in the lease to plaintiff. Thereafter Petrol assigned the lease to Cibola Energy Corp., formerly Coronado Exploration Corporation (Cibola), reserving a 1% of ⅛ths overriding royalty.

Cibola owns the lease in fee simple, subject to (a) 12½% royalty reserved by the United States; (b) 3% overriding royalty reserved by Gallo; (c) 1% overriding royalty reserved by Petrol; and (d) plaintiff's claims.

In seeking to quiet title, plaintiff's claim is that each of his two interests was an interest in the title to real property. NMSA 1978, § 42–6–1; *Rock Island Oil & Refining Co. v. Simmons*, 73 N.M. 142, 386 P.2d 239 (1963); *Lanehart v. Rabb*, 63 N.M. 359, 320 P.2d 374 (1957), *overruled on other grounds* in *Ortega, Snead, Dixon & Hanna v. Gennitti*, 93 N.M. 135, 597 P.2d 745 (1979). If either of plaintiff's interests was not an interest in the title to real property, the trial court properly dismissed the quiet title suit as to that interest.

**Net Profits Interest**

Petrol assigned plaintiff a 10% net profits interest in the lease. The phrase "net profits interest" has not been defined in New Mexico appellate decisions. The only New Mexico appellate decision that we have found which uses the phrase is *Boylin v. United Western Minerals Co.*, 72 N.M. 242, 382 P.2d 717 (1963). What does the phrase mean?

Plaintiff suggests that we should treat a "net profits interest" in the same manner as overriding royalty is treated, citing J. Sherrill, *Net Profits Interest—A Current View*, 19th Oil & Gas Inst. at 165 (Matthew Bender 1968), and 2 H. Williams & C. Meyers, *Oil and Gas Law* § 424.1 (1983).

Plaintiff's argument fails to recognize that both texts assign a meaning to the phrase "net profits interest" and likens the interest, as defined, to an overriding royalty. J. Sherrill, *supra*, explains that the "typical" net profits interest requires the working interest owner to advance all moneys necessary for the development and operation of the property, and entitles the working interest owner to receive all of the proceeds attributable to the production until he recovers all amounts previously advanced. J. Sherrill, *supra*, at 165, states: "Thus, traditionally, within the oil and gas industry, the 'net profits' of a net profits interest exist only when total receipts from the property exceed total expenditures with respect thereto, and it is in this sense that net profits are herein considered." 2 H. Williams & C. Meyers, *supra*, at § 424 states that net profits are fractional interests in oil and gas property and at § 424.1 states "[a] net profits interest is a share of gross production from a property measured by net profits from the operation of the property." *See also* 8 H. Williams & C. Meyers, *Oil and Gas Law* at 457 (1982). The definitions in both texts involve production from the property. Plaintiff's "net profits interest" is not based on production. This distinction makes the definitions in the above texts inapplicable in this case.

Plaintiff also suggests that his "net profits interest" should be treated as proceeds from the property. He relies on *Fullerton v. Kaune*, 72 N.M. 201, 382 P.2d 529 (1963) and cites *Hodges v. Rutherford*, 34 N.M. 664, 287 P. 289 (1930) as being contrary to *Fullerton* but inapplicable because *Hodges* has never been followed.

The syllabus in *Hodges*, prepared by the court, states: "A contract for one-half

of the net proceeds of all mineral and oils taken from lands is a personal contract and does not convey an interest in realty." We have no authority to override a supreme court decision. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). However, we may consider whether the *Hodges* decision is applicable. *See Peralta v. Martinez,* 90 N.M. 391, 564 P.2d 194 (Ct.App. 1977); *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977) and cases cited in *Scott. Hodges* has never been cited in other New Mexico decisions. *Fullerton* held that an oral contract for a percentage of the value of all oil and gas produced and saved was an interest in realty within the statute of frauds. A written contract to execute an oil and gas lease is a contract for the sale of an interest in land. *Vanzandt v. Heilman,* 54 N.M. 97, 214 P.2d 864 (1950); *see also Keirsey v. Hirsch,* 58 N.M. 18, 265 P.2d 346 (1953). If *Hodges* ever accurately stated New Mexico law, *cf. Terry v. Humphreys,* 27 N.M. 564, 203 P. 539 (1922), it was not to be followed after the decisions in *Vanzandt, Keirsey* and *Fullerton. Hodges* is not applicable; therefore, we answer plaintiff's argument which is based on *Fullerton.*

*Fullerton* considered the argument that the production (in that case, gas) was realty, but the value of the gas was personalty. *Fullerton* states: "[I]t matters not whether the production from a mineral well is claimed or whether a portion of the fund resulting from the sale of the production is claimed; in New Mexico, both assets are realty." 72 N.M. at 205, 382 P.2d 529. Plaintiff's "net profits interest" is not based on production or a fund resulting from the sale of production. *Fullerton* does not determine whether plaintiff's "net profits interest" is an interest to which title may be quieted.

The fallacy in plaintiff's argument is to assume that the phrase "net profits interest" has a meaning that may be analogized to interests which have been determined to be real property.

J. Sherrill, *supra,* states:

The frequent use through the years of net profits interest arrangements has tended to lead many practitioners to consider the words "net profits interest" to be words of art describing a unique interest—almost in the same sense as do the words "overriding royalty." The nature of a net profits interest is much too indefinite to deserve such independent status, and our inarticulate use of net profits interest arrangements has led to substantial litigation, usually in connection with the income tax.
* * * Thus any consideration of the nature of a net profits interest arrangement, which contains no further specificity beyond the words "net profits interest" per se, is a leap into fantasy, *for such words have no independent meaning.*

*Id.* at 165–66 (emphasis added).

5 E. Kuntz, *Oil and Gas* § 63.5 (1978) states there are "many decisions" by the United States Supreme Court which deal with the nature of a "net profits interest" for purposes of the federal income tax.

Unfortunately, there is not the same volume of cases dealing with the nature of the net profits interest for purposes other than the federal income tax. As a result there is no body of law clearly defining the net profits interest, its nature, and its incidents. *The only thing that can be said with any assurance is that a net profits interest may or may not be an interest in land and that the nature of the interest and the rights of its owner must be determined from the provisions of the instrument which created it.*

*Id.* at 228 (emphasis added).

In deciding whether plaintiff's "net profits interest" is an interest in the title to real property, we proceed on the following basis: (1) the phrase "net profits interest" has no independent meaning, and (2) the nature of plaintiff's interest must be determined from the provisions of the instrument which created plaintiff's interest. This approach accords with New Mexico decisions which hold that it is immaterial

by what name plaintiff's interest is called and that the courts will look to the language used in the instrument to determine its legal effect. *Rock Island Oil & Refining Co.; Terry v. Humphreys.* *See also Atlantic Refining Co. v. Beach,* 78 N.M. 634, 436 P.2d 107 (1968).

The document assigning a "net profits interest" to plaintiff provides:

(1) Net profits are to be computed "by deducting from the cash bonus received for the sale of the Lease" certain costs identified in the assignment.

(2) "The decision to sell the Lease and the bonus consideration for which it is sold shall be made solely by PETROL * * *."

(3) The sale by Petrol "must be made to an independent third party for a cash bonus and overriding royalty not exceeding a total of five percent (5%), which in the opinion of * * * [a named individual] is not less than fair market value * * *."

(4) Plaintiff is not to receive any interest in the overriding royalty retained by Petrol other than the 1% overriding royalty assigned to plaintiff contemporaneously with the assignment of the "net profits interest." "However, if PETROL RESOURCES CORPORATION retains any economic interest in the Lease other than an overriding royalty of not more than five percent (5%), such as a net profts [sic] or carried interest, S.B. CHRISTY IV shall be entitled to an assignment of ten percent (10%) of such additional retained interest."

The "however" clause, quoted in the preceding paragraph, states that plaintiff would be entitled to an interest in addition to the 10% net profits interest assigned to plaintiff if Petrol retained an economic interest other than an overriding royalty of not more than 5%. The stipulated facts show that Petrol did not retain such an interest. Accordingly, we are not concerned with the nature of such a nonexistent interest.

Petrol sold the lease to Cibola; it was stipulated that Cibola was an independent third party. Cibola paid a cash consideration. There is no claim the cash consideration was other than the cash bonus referred to in the assignment. There is no claim that the decision to sell for an amount that was stipulated was by other than Petrol or that the amount paid was other than fair market value. Plaintiff's "net profits interest" was 10% of the cash bonus amount remaining after identified costs were deducted.

■ Plaintiff's "net profits interest" was an interest in the cash bonus received by Petrol when it sold to Cibola. "Bonus" is the consideration paid, in this case the consideration paid by Cibola for Petrol's assignment of the lease. The bonus is usually a sum of money, but may take other forms. *Griffith v. Taylor,* 291 S.W.2d 673 (Tex.1956); *see also Kelly v. Zamarello,* 486 P.2d 906 (Alaska 1971); 1 H. Williams & C. Meyers, *Oil and Gas Law* § 301 (1983); 8 H. Williams & C. Meyers, *supra,* at 65. In this case the bonus was cash. Plaintiff's net profits interest was an interest in the cash received by Petrol for its assignment of the lease to Cibola; it was not an interest in the proceeds of production (a royalty interest) as in *Fullerton v. Kaune.* Plaintiff's percentage interest in the cash bonus received by Petrol was not an interest in the title to land; it was money due by contract. 5 E. Kuntz, *supra.*

■ Seeking to avoid this result, plaintiff asserts the parties intended the "net profits interest" as an interest in real estate and the assignment should be construed to give effect to that intention. Construction is inappropriate where the language is not ambiguous. In the absence of ambiguity the court's function is to interpret the contract which the parties made for themselves. *Davies v. Boyd,* 73 N.M. 85, 385 P.2d 950 (1963). There is no ambiguity in the assignment to plaintiff. Accordingly, we do not construe the assignment; rather, we interpret the assignment. The assignment provides that plaintiff was to have a net profits interest in the cash bonus received by Petrol. *Cf. Boylin v. United Western Minerals Co.*

The trial court properly dismissed plaintiff's complaint seeking to quiet title to plaintiff's interest in the cash bonus.

## Dismissal With Prejudice as to the Overriding Royalty Interest

"An overriding royalty is, first and foremost, a royalty interest." 2 H. Williams & C. Meyers, *supra,* § 418.1. *See also* 8 H. Williams & C. Meyers, *supra,* at 518. A royalty interest is real property. *Duvall v. Stone,* 54 N.M. 27, 213 P.2d 212 (1949).

Plaintiff sued to quiet title to a 1% overriding royalty interest. Cibola's answer admitted that plaintiff owned this overriding royalty. The trial court's order refers only to plaintiff's claim concerning the "net profits interest," yet it dismissed the entire complaint with prejudice. Did the trial court intend no further proceedings in connection with the overriding royalty? *See Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (Ct.App.1976). The trial court's order, as to the overriding royalty, is ambiguous. It should be clarified.

The order of the trial court dismissing plaintiff's suit to quiet title to a net profits interest is affirmed. The order of the trial court dismissing plaintiff's suit to quiet title to an overriding royalty is vacated. The cause is remanded for further proceedings as to the overriding royalty.

No costs are awarded.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.