740 P.2d 1153

**Dan QUIRICO, Plaintiff-Appellee,**

**v.**

**Ernesto LOPEZ, Defendant-Appellant.**

**No. 16908.**

Supreme Court of New Mexico.

Aug. 18, 1987.

Anthony F. Avallone, Las Cruces, for defendant-appellant.

E.H. Williams, Las Cruces, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiff Dan Quirico (plaintiff) filed a complaint for accounting and damages against defendant Ernesto Lopez (defendant), alleging that he and defendant had entered into an agreement to jointly farm property in Dona Ana County, New Mexico. Defendant answered and filed three counterclaims, alleging the following: a breach of an employment contract for services, with damages asserted in the amount of $12,919.69, a breach of contract for the sale of pecans in the sum of $75, and a breach of contract for the rental of certain premises owned by defendant in the amount of $900. The trial court, sitting without a jury, found that the parties had entered into an oral agreement to engage in a joint venture and awarded plaintiff a judgment for $5388. Defendant appeals. We affirm.

Defendant raises the following contentions for reversal on appeal: (1) that plaintiff admitted his liability by failing to reply to the counterclaims; (2) that the evidence does not support the court's findings that the parties made an oral partnership agreement; and (3) that his (defendant's) damages have been proven without contradiction.

## COUNTERCLAIMS

Defendant argues that plaintiff's failure to respond to the counterclaims establishes his liability under SCRA 1986, 1–008(D) (known as Rule 8(D)).

Rule 8(D) provides in pertinent part: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

We agree with defendant's general statement of the law, but disagree that Rule 8(D) has any applicability for reversal in this instance. In its judgment, the trial court granted defendant the full relief prayed for under his second and third counterclaims, a total of $975. The court offset this amount against defendant's total indebtedness to plaintiff. Because these counterclaims concerned matters unrelated to the joint venture, they were correctly designated as counterclaims, requiring a responsive pleading. Regarding the first counterclaim, however, the trial court found that it was merely a defense to plaintiff's allegations and thus treated the pleading as a defense, not a counterclaim. We find the trial court committed no error.

It is proper for courts to treat a defendant's pleading denominated a counterclaim as an answer raising an affirmative defense, regardless of its title, if the allegations of the pleading so require. SCRA 1986, 1–008(C); *see also Horsford v. Romeo,* 407 F.2d 1302 (3rd Cir.1969).

Defendant's answer, paragraph one, states in part that, "the plaintiff had engaged his services to water, cultivate, and harvest certain crops and [was to] pay for his services out of the proceeds from crop sales." By comparison, the first counterclaim states: "The plaintiff engaged the services of the defendant to water, cultivate, and harvest certain crops on land located by the plaintiff with seed furnished by the plaintiff and the defendant was to be paid for his services out of the proceeds from the crop sales." It appears that the basis of the claim in this counterclaim is identical to the affirmative defense in the answer. Thus, the court was correct in ruling that the first counterclaim was merely a reiteration of the affirmative defense and therefore would not be treated as a counterclaim requiring a responsive pleading.

## SUBSTANTIAL EVIDENCE

Defendant next argues the evidence does not support the trial court's finding that the parties entered into an oral partnership agreement in which they agreed to share operating expenses. On appeal, this Court views the evidence in a light most favorable to support the findings and conclusions of the trial court. The trial court will not be reversed unless the findings and conclusions cannot be supported by the evidence or permissible inferences. *Mountain States Constr. Co. v. Aragon,* 98 N.M. 194, 195, 647 P.2d 396, 397 (1982); *Lujan v. Pendaries Properties, Inc.,* 96 N.M. 771, 774, 635 P.2d 580, 583 (1981); *First Nat'l Bank of Santa Fe v. Wood,* 86 N.M. 165, 167, 521 P.2d 127, 129 (1974). Nor will we weigh conflicting evidence. *Shaeffer v. Kelton,* 95 N.M. 182, 186, 619 P.2d 1226, 1230 (1980). The trial court's finding that the parties entered into a joint venture, a single partnership transaction, for the purpose of engaging in a farming operation is supported by substantial evidence in the record.

A joint venture is formed when the parties agree to combine their money, property or time for conducting a particular business venture and agree to share jointly in profits and losses, with the right of mutual control over the business enterprise or over the property. *Fullerton v. Kaune,* 72 N.M. 201, 204, 382 P.2d 529, 532 (1963). Even though defendant argues that there was no partnership or association between the parties to jointly farm certain crops, he concedes they agreed to equally share profits from crop sales. Defendant maintains, however, that in order to find an oral partnership there must be both an agreement to share profits and an agreement to share losses. We disagree. The absence of an express agreement to share losses is not fatal to a determination that the transaction was a joint venture; mutual liability for losses will be implied from an agreement to share profits. *McCulloh v. Doyle,* 40 N.M. 126, 127, 55 P.2d 739, 739 (1936).

It was the duty of the trial court, sitting without a jury, to ascertain the intention of the parties as disclosed by their acts in connection with the entire transaction. *Hannett v. Keir,* 30 N.M. 277, 231 P. 1090 (1924). In so doing, the court found that the parties had agreed plaintiff would furnish the necessary funds for the farming operation, including paying for labor, other than the labor of defendant, and paying a reasonable amount of rent for the use of defendant's farm equipment. On the other hand, defendant would provide his labor, furnish his farm equipment, and supervise the farming operation. The court further found that the parties agreed to equally share operating expenses. We conclude that these findings are supported by substantial evidence and warrant the inference drawn by the court to the effect that it was the intention of the parties to engage in a joint venture for profit.

## DEFENDANT'S DAMAGES

The defendant's final contention is that he introduced unrebutted evidence of farming expenses he incurred which should have been considered in calculating plaintiff's damages. The general rule is that the expenses and losses of a partnership or joint venture are borne by the partners or joint venturers equally or in the same proportion in which they share profits. *Producer's Livestock Mktg. Ass'n v. Christensen,* 588 P.2d 156 (Utah 1978). A default by a joint venturer of his obligation under the venture agreement may forfeit his right to an accounting under the contract. 48A C.J.S. *Joint Ventures* § 40, at 470 (1981).

The parties' agreement provided that defendant would furnish his labor and equipment for farming leased tracts of land, together with a small tract owned by defendant, which was to be farmed by the joint venture. Defendant was also to supervise the farming operation. Only after the crops were harvested and sold would the proceeds from the sale be split between the joint venturers.

The trial court found that defendant leased several tracts of land and planted crops on the tracts. It is clear the parties intended the contract to be entire and nonseverable and that complete performance by defendant was required. The trial court

found, which finding is not challenged on appeal, that the defendant failed to properly farm the land leased to the parties, and that defendant abandoned the farming operation by failing to water and cultivate part of the crops. As a result, plaintiff and defendant did not receive a harvest of any of the crops planted. Defendant, by defaulting on his obligation and abandoning the contract, completely frustrated the purpose, intent and terms of the joint venture agreement. Thus, defendant forfeited any right he may have had to an accounting for expenses made for the joint venture. *Roundup Cattle Feeders v. Horpestad,* 184 Mont. 480, 603 P.2d 1044 (1979).

Based on the foregoing, we affirm the trial court.

SCARBOROUGH, C.J., and WALTERS, J., concur.