715 P.2d 458

**Mae W. PRUEY, d/b/a Edd's Package Store, et al., Plaintiffs-Appellants,**

v.

**DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL OF NEW MEXICO and Abe E. Rodriguez, Director, et al., Defendants-Appellees.**

No. 16033.

Supreme Court of New Mexico.

March 10, 1986.

John G. Jasper, Santa Fe, for appellants.

Paul Bardacke, Atty. Gen., Kenneth B. Baca, Asst. Atty. Gen., Santa Fe, for appellees ABC and Rodriguez.

Forrest G. Buffington, Gallup, for appellee McKinley County.

James Snipes, Lovington, for appellee City of Lovington.

Rebecca E. Wardlaw, Lovington, for appellee Lea County.

**OPINION**

RIORDAN, Chief Justice.

Mae W. Pruey and other appellants (appellants) are the holders of valid and unexpired licenses granted by the State of New Mexico under NMSA 1978, Sections 60–3A–1 through 60–8A–19 (Repl.Pamp.1981 and Cum.Supp.1985) (Liquor Control Act) authorizing them to sell and serve alcoholic beverages. They sought declaratory and injunctive relief against the Department of Alcoholic Beverage Control, its director, and some cities and counties statewide that are "local option districts" (appellees) pursuant to the Liquor Control Act. Appellants asked the trial court to declare void the local option elections held in local option districts in which appellants had their respective licensed premises and to enjoin the enforcement of any statutory or regulatory prohibition against the sales of alcoholic beverages by appellants on Sunday. The trial court denied relief and dismissed the action. Appellants appealed. The appeal was transferred from the Court of Appeals to this Court on motion of the appellees. We affirm the trial court.

The two issues raised on appeal are that NMSA 1978, Section 60–7A–1 (Cum.Supp. 1985) is unconstitutional because it violates the appellants' rights:

A. to equal protection of the laws under U.S. Const. amend. XIV, § 1 and N.M. Const. art. II, § 18, and;

B. under the prohibitions of the furtherance and establishment of religion clause of U.S. Const. amend. I and N.M. Const. art. II, § 11.

Section 60–7A–1 specifies the hours and days on which "[a]lcoholic beverages shall be sold, served, delivered or consumed on licensed premises." Hours and days restricted by this statute include:

1. The voting hours of the primary, general, municipal and any other election prescribed by the rules and regulations of the director. § 60–7A–1(C).

2. From 2:00 a.m. on Christmas Day until 7:00 a.m. on the day after Christmas. § 60–7A–1(D).

3. From 2:00 a.m. on Sunday until 7:00 a.m. on Monday, § 60–7A–1(A), unless the voters in a local option district vote to allow Sunday sales by the drink for consumption on the licensed premises. § 60–7A–1(B) and (E).

## A. Equal Protection.

Appellants argue that these restrictions establish certain classifications of sellers of alcoholic beverages and thus deny them equal protection under the United States and New Mexico Constitutions. These classifications include: licensees who hold only licenses authorizing package sales of alcoholic beverages and who are prohibited from selling at all on Sunday; licensees who hold licenses authorizing sales of alcoholic beverages by the drink, but who are located in a local option district that has voted to prohibit Sunday sales and are prohibited from selling alcoholic beverages by the drink on Sunday; and licensees who hold licenses authorizing the sale of alcohol by the drink, and whose premises are in a local option district that allows Sunday sales by the drink and may then sell alcohol by the drink on Sunday.

■ We recognized in *Drink, Inc. v. Babcock*, 77 N.M. 277, 421 P.2d 798 (1966), that the legislature has the power not only to regulate the sale of alcoholic beverages, but to eliminate it entirely and they may impose more stringent regulations on the liquor industry than on other businesses. In testing the constitutionality of statutes, courts must weigh every presumption in favor of the validity of the legislation. *Id.*

Appellants argue that this scheme of classifications does not pass constitutional muster. However, "[e]qual protection does not prohibit classification for legislative purposes, provided that there is a rational and natural basis" for the statute. *McGeehan v. Bunch*, 88 N.M. 308, 310, 540 P.2d 238, 240 (1975) (quoting *Gruschus v. Bureau of Revenue*, 74 N.M. 775, 778, 399 P.2d 105, 107 (1965)). But while classification is proper, there must always be uniformity or similar treatment within the

class. *Burch v. Foy*, 62 N.M. 219, 308 P.2d 199 (1957).

■ According to *McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961):

[t]he constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (Citations omitted).

We must determine then whether the classifications drawn are reasonable in light of the purpose of the statute. *McGeehan v. Bunch.* The classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly situated are treated alike. *Id.; Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971).

■ *McGowan v. Maryland* involved the constitutional validity of a Maryland criminal statute known as a Sunday closing law or Sunday blue law. The statute prohibited the Sunday sale of all merchandise except the retail sale of tobacco products, confectioneries, milk, bread, fruits, gasoline, oils, greases, drugs and medicines, and newspapers and periodicals. *McGowan v. Maryland*, 366 U.S. at 422–23, 81 S.Ct. at 1103. On addressing the issue of equal protection and applying the above-stated standard, the Court found it reasonable that the Sunday sale of the exempted commodities was necessary either for the health of the populace or for the enhancement of the recreational atmosphere of the day. *McGowan v. Maryland*, 366 U.S. at 426, 81 S.Ct. at 1105.

NMSA 1978, Section 60–3A–2 (Repl. Pamp.1981) states that it is the policy of the New Mexico State Legislature, through the Liquor Control Act, that "the sale, service and public consumption of alcoholic

beverages in the state shall be licensed, regulated and controlled so as to protect the public health, safety and morals of every community in the state." Under N.M. Const. art. IV, Section 1, the legislature is granted power to promulgate laws that provide "for the preservation of the public peace, health or safety."

The legislature has provided a rational basis for the prohibition against the sales of alcoholic on Sunday, and they have acted within their power.

The election option was referred to in *McGowan v. Maryland* by the United States Supreme Court. The Court stated that the Equal Protection Clause relates to equality between persons rather than areas and that territorial uniformity is not a constitutional prerequisite. *McGowan v. Maryland,* 366 U.S. at 427, 81 S.Ct. at 1105. It is a matter for legislative discretion. This Court noted the authority of the legislature to give communities the option to be dry and prohibit all liquor licenses in *Chiordi v. Jernigan,* 46 N.M. 396, 129 P.2d 640 (1942). Similarly, the local option on Sunday sales of liquor by the drink is valid and this classification is upheld. It was not raised, nor do we address at this time, the legality or manner in which the option election was held.

## B. Establishment Clause.

■ Appellants argue that Section 60–7A–1 violates their rights because it furthers the establishment of religion. The U.S. Supreme Court stated in *Estate of Thornton v. Caldor, Inc.,* 472 U.S. 703, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985), that to meet constitutional requirements under the establishment clause, a statute must: (1) have a secular purpose, (2) not advance or inhibit religion, and (3) not foster excessive entanglement of government with religion. *See also Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The statute must meet all parts of this test to be valid. *Stone v. Graham,* 449 U.S. 39, 101 S.Ct. 192, 66 L.Ed.2d 199 (1980).

Though the laws that deal with Sunday sales were originally motivated by religion, more recently, secular purposes have been advanced to make Sunday a day of rest and recreation. *See McGowan v. Maryland.* Further, Christmas is now a state and federal holiday, which is celebrated by many people of both religious and non-religious beliefs. It is no longer a strictly religious holiday. The purpose of Section 60–7A–1 is to protect the public health, safety and morals. One day a week during which no package liquor could be sold and no liquor could be sold by the drink in those districts which it was majority supported would have the secular purpose that is described by our legislature in Section 60–3A–2. It does not advance or inhibit religion.

Lastly, the State enforces Section 60–7A–1 by issuing licenses. There is no supervisory or regulatory entanglement with religion. There is no divisive political potential enhanced by this statute. There is no religious cause used to promote political action. It cannot be found that this statute fosters excessive entanglement of government with religion.

## C. Conclusion.

We find that based upon the challenges raised in this case, Section 60–7A–1 does not violate appellants' constitutional rights under either U.S. Const. amend. XIV, § 1 and N.M. Const. art. II, § 18 or U.S. Const. amend. I and N.M. Const. art. II, § 11. It is a proper exercise of legislative power. This opinion is limited to a determination of the issue of constitutionality of Section 60–7A–1. We affirm the trial court.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.