863 P.2d 1093

**George DICK and Susan Dick, Petitioners–Appellants,**

v.

**The CITY OF PORTALES, the Alcohol and Gaming Division of the State of New Mexico Regulation and Licensing Department and Mary Ann Hughes, Acting Director, Respondents–Appellees.**

**No. 14236.**

Court of Appeals of New Mexico.

Sept. 22, 1993.

Certiorari Granted Dec. 16, 1993.

Warren F. Frost, Warren F. Frost, P.C., Clovis, for petitioners-appellants.

Randy Knudson, Doerr & Knudson, P.A., Portales, for respondent-appellee City of Portales.

Tom Udall, Atty. Gen., Lynda Latta, Asst. Atty. Gen., Santa Fe, for respondents-appellees Alcohol and Gaming Div., and Mary Ann Hughes, Acting Director.

Judith A. Olean, N.M. Mun. League, Santa Fe, Steven Barshov, Sive, Paget & Riesel, P.C., New York City, for amicus curiae Mun. League.

Mark M. Rhodes, Hazen H. Hammel, Rhodes & Salmon, P.C., Albuquerque, for amicus curiae Town & Country Food Stores, Inc.

## OPINION

BLACK, Judge.

Petitioners, George and Susan Dick, filed an application with the Alcohol and Gaming Division of the New Mexico Department of Licensing and Regulation (AGD), requesting approval for a transfer of an existing liquor license from the Small Business Administration to them for use at a location in Portales. A hearing was held before an AGD hearing officer. The hearing officer granted preliminary approval for the transfer of the license.

The City of Portales (the City) held a public hearing to determine whether to approve transfer of the liquor license to Petitioners. Three local citizens testified in opposition to the proposed transfer, and the City Council voted unanimously to disapprove it. Based on the City's action, the Director of the AGD denied the transfer.

Petitioners filed a "Petition for Appeal, Writ of Certiorari and for Writ of Mandamus" with the first judicial district court. After a hearing, the district court held that the City's decision to deny the transfer was supported by substantial evidence and was not arbitrary, capricious, or an abuse of discretion. Petitioners appeal. We affirm.

### FACTS

Three persons addressed the City Council at the public hearing. Reverend Wayne Fuller, a minister in the area, stated the following grounds for his opposition: the cost of additional police protection, noting that when the license was previously in operation people were knifed and killed "over there quite frequently"; the negative effect on the people and families, describing this variously as "spiritual grounds" and "moral grounds"; and on economic grounds, noting that liquor sales did not bring in much money but resulted in costs due to additional arrests and incarcerations for driving while intoxicated and other related offenses. Anthony Andrade stated that he and "quite a few" others agreed with Fuller, that he was concerned about the effect on his two little boys and on other children and families, and that the transfer would not be good for Portales.

Marcy South stated that she had lost her husband and son to liquor, that it destroyed families, and that they did not need it in Portales.

After these three individuals made their statements, the Mayor asked both George and Susan Dick individually whether he or she wanted to say anything; both declined. (George Dick did suggest later that if the City denied the transfer to Petitioners, it would probably just be sold to someone else.) Petitioners did not participate in the hearing in any other way, and the transcript shows no objection to the procedures followed.

After a short discussion, there was a motion to disapprove the transfer. At this point the City's attorneys explained that the grounds for disapproval should be specified. The motion was then restated as disapproval "for moral reasons," and it carried without dissent. Thereafter the Director of AGD notified Petitioners that their application for transfer was denied. Appeal was taken to the district court for the First Judicial District. Judge Herrera reviewed the Council proceeding and held that the decision to deny the transfer was "supported by substantial evidence on the whole record and was not arbitrary, capricious or an abuse of discretion."

Petitioners present two basic arguments on appeal: (1) the City's decision was not supported by substantial evidence based on whole record review; and (2) NMSA 1978, Section 60–6B–4(F)(3) (Repl.Pamp.1992), allowing disapproval of a license transfer for moral reasons, is so vague as to violate due process.

### PETITIONERS FAILED TO PRESERVE THEIR CHALLENGE TO THE COMPETENCY AND SUFFICIENCY OF THE EVIDENCE.

The nature of Petitioners' challenge to the evidence is a multi-pronged attack on the statements made by the three citizens to the City Council. Petitioners contend the citizens were not sworn, their statements were not made on personal knowledge, their statements were incompetent and inadmissible lay opinion, and therefore the statements did not satisfy the legal residuum rule. None of these contentions was raised before the City Council.

■ "In cases where appellant seeks to reverse the agency order on the basis of arguments relating to the receipt or exclusion of evidence, or relating to the procedure followed, most state courts ordinarily refuse to consider on appeal points not appropriately raised below." 2 Frank E. Cooper, *State Administrative Law* 598 (1965); *cf. United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 717, 83 S.Ct. 1409, 1415, 10 L.Ed.2d 652 (1963) (administrative process would be frustrated if either side were free to withhold evidence at the administrative level and later introduce it on judicial review). New Mexico follows this rule. *Wolfley v. Real Estate Comm'n*, 100 N.M. 187, 189, 668 P.2d 303, 305 (1983); *Rowley v. Murray*, 106 N.M. 676, 679, 748 P.2d 973, 976 (Ct.App.), *cert. denied*, 106 N.M. 627, 747 P.2d 922 (1987).

■ Petitioners seem to be under the impression that the sufficiency of the evidence is jurisdictional or otherwise may be raised for the first time on appeal. Substantial New Mexico precedent indicates to the contrary. *See Sparks & Co. v. Hawks*, 42 N.M. 636, 637, 83 P.2d 981, 982 (1938); *Musgrove v. Department of Health & Social Servs.*, 84 N.M. 89, 90, 499 P.2d 1011, 1012 (Ct.App.), *cert. denied*, 84 N.M. 77, 499 P.2d 999 (1972); *cf. Davis v. Los Alamos Nat'l Lab.*, 108 N.M. 587, 590, 775 P.2d 1304, 1307 (Ct.App.) (employer which requested no findings on issue could not contest sufficiency of evidence supporting award), *cert. denied*, 108 N.M. 433, 773 P.2d 1240 (1989).

■ Application of the policies underlying the preservation requirements also dictates that this is not a case in which to invoke our discretion to notice fundamental error. One of the most basic reasons to require preservation of error is to protect both the adversary's and the agency's opportunity to correct or avoid the error. Bernard Schwartz, *Administrative Law* § 10.3, at 588 (2nd ed. 1984). *See general-*

*ly* Robert J. Martineau, *Considering New Issues on Appeal: The General Rule and the Gorilla Rule,* 40 Vand.L.Rev. 1023 (1987). All of Petitioners' specific arguments that the evidence was not sufficient were capable of being corrected or avoided had Petitioners voiced their objections before the administrative tribunal. Alternatively, had these alleged infirmities in the testimony been called to its attention, the City Council may have ruled in Petitioners' favor.

■ As Petitioners failed to challenge the competency of the evidence presented to the City Council, then, we must accept such evidence as competent. The unchallenged testimony presented in opposition to the transfer pointed out that in the past, the operation of a liquor establishment in the same location had resulted in numerous fights, injuries, and deaths, having a negative effect on the local residents. The testimony also indicated that there were a number of other liquor establishments operating in the community and that the transfer of the license to Petitioners at the location in question would be contrary to the interests of the residents. The City Council could reasonably conclude from this evidence that the transfer would be inimical to the public welfare of the community. *Cf. Regents of Univ. of N.M. v. Hughes,* 114 N.M. 304, 838 P.2d 458 (1992) (local body permitted to view evidence so as to advance the purpose of Liquor Control Act).

Petitioners nonetheless argue that, based on the whole record standard of review, the "City Council's disapproval of the liquor license transfer had no evidentiary basis." In support of this contention Petitioners rely on the following language in *Duke City Lumber Co. v. New Mexico Environmental Improvement Bd.,* 101 N.M. 291, 681 P.2d 717 (1984):

> However, New Mexico courts require that an administrative action be supported by some evidence that would be admissible in a jury trial. This has been referred to as the legal residuum rule. *Young v. Board of Pharmacy,* 81 N.M. 5, 462 P.2d 139 (1969). New Mexico has

continued to require a residuum of competent evidence to support the findings of an administrative agency where a substantial right is at stake.

101 N.M. at 295, 681 P.2d at 721.

■ We recognize that the residuum rule has been criticized by modern scholars. 3 Kenneth C. Davis, *Administrative Law Treatise,* § 16.6 (K.C. Davis Pub. Co. 1980). It also has been generally abandoned in its state of origin as well as the federal courts. *300 Gramatan Ave. Assocs. v. State Div. of Human Rights,* 45 N.Y.2d 176, 408 N.Y.S.2d 54, 55, 379 N.E.2d 1183, 1185 (1978); *Johnson v. United States,* 628 F.2d 187, 190 (D.C.Cir.1980). However, we are not free to disregard it. *See Alexander v. Delgado,* 84 N.M. 717, 718, 507 P.2d 778, 779 (1973). We can, however, question whether the residuum rule should be applied in the present context. New Mexico cases have invoked the residuum rule only when "a substantial right is at stake." *Duke City,* 101 N.M. at 295, 681 P.2d at 721. "Substantial rights" have typically been equated with material property rights or the elimination of the ability to earn a livelihood. *See Trujillo v. Employment Sec. Comm'n,* 94 N.M. 343, 344, 610 P.2d 747, 748 (1980); *Young v. Board of Pharmacy,* 81 N.M. 5, 8–9, 462 P.2d 139, 142–43 (1969). A liquor license is a privilege and not a constitutionally protected property right. *Chronis v. State ex rel. Rodriguez,* 100 N.M. 342, 345, 670 P.2d 953, 956 (1983); *Yarbrough v. Montoya,* 54 N.M. 91, 95, 214 P.2d 769, 771 (1950). It follows logically that the opportunity to buy and transfer a liquor license to a specific location would not be considered a "substantial right" and therefore not subject to the residuum rule.

■ Even if it applies, however, the residuum rule does not allow Petitioners, who fail to introduce any evidence in support of their petition, to then prevail based on the alleged weakness of evidence adduced by those opposing the transfer petition. We reject Petitioners' contention that because they had completed the initial step required for transfer, i.e., obtaining the approval of the AGD hearing officer, they did not have the burden of persuading the

City Council to approve the transfer. Proceedings in administrative agencies are subject to the customary common-law rule that the moving party has the burden of proof. *International Minerals & Chem. Corp. v. New Mexico Pub. Serv. Comm'n*, 81 N.M. 280, 283, 466 P.2d 557, 560 (1970); *In re Termination of Boespflug*, 114 N.M. 771, 776, 845 P.2d 865, 870 (Ct.App.1992) (Donnelly, J., specially concurring). This requires movant to establish the statutory prerequisites which entitle movant to relief by a preponderance of the evidence. *See Bender v. Clark*, 744 F.2d 1424, 1429 (10th Cir.1984); *cf. Baca v. Bueno Foods*, 108 N.M. 98, 102, 766 P.2d 1332, 1336 (Ct.App. 1988) (parties seeking benefit of statute have burden of proving they are within its terms). Since Petitioners failed to introduce any evidence, the City Council was justified in denying the transfer.

Considering the whole record, and indeed the only evidence offered, we find adequate support for the City Council's denial of Petitioners' request to transfer the liquor license.

*DUE PROCESS*

■■■ Petitioners and amicus Town & Country Food Stores, Inc.[1] agree that a petition to transfer a liquor license may be legitimately denied on grounds of "public health" or "safety," but they argue that the term "morals" is unconstitutionally vague on its face. Specifically, it is Petitioners' "position that allowing a municipality to deny a liquor license transfer for moral reasons effectively gives them absolute discretion to deny a liquor license transfer, in violation of Article III, Section 1 of the New Mexico Constitution."

■■■ The person attacking the constitutionality of a regulation has the burden of demonstrating the regulation's invalidity. *Health & Social Servs. Dep't v. Garcia*, 88 N.M. 640, 642, 545 P.2d 1018, 1020 (1976). Legislative enactments may be declared invalid if their meaning is so uncertain that the court is unable to determine the legislative intent with any degree

of certainty. However, all that is required for a statute to be upheld as valid is that the language of the statute be understandable and sensible. *Keller v. City of Albuquerque*, 85 N.M. 134, 139, 509 P.2d 1329, 1334 (1973), *overruled on other grounds by Green v. Kase*, 113 N.M. 76, 823 P.2d 318 (1992). We have a duty to construe a challenged statute in such a manner that it will not be found void for vagueness, if such a construction is reasonable and practical. *State v. Segotta*, 100 N.M. 498, 500, 672 P.2d 1129, 1131 (1983). Using these rules of statutory construction, the New Mexico Supreme Court has rejected constitutional challenges based on the alleged vagueness of terms analogous to "morals." *See, e.g., McDaniel v. New Mexico Bd. of Medical Examiners*, 86 N.M. 447, 525 P.2d 374 (1974) (conduct detrimental to the best interests of the public); *Willoughby v. Board of Veterinary Examiners*, 82 N.M. 443, 483 P.2d 498 (1971) (failure to maintain clean and sanitary conditions).

■■■ Liquor licenses may be regulated and controlled so as to insure, so far as possible, the decent and orderly conduct of a business clearly affecting the public health, morals, safety, and welfare. *Kearns v. Aragon*, 65 N.M. 119, 123, 333 P.2d 607, 610 (1958). There is no inherent right to sell alcohol, and since such sale is "attended with danger to the community it may be entirely prohibited or be permitted under such conditions as will limit to the utmost its evils." *Yarbrough*, 54 N.M. at 95, 214 P.2d at 771. The policy underlying liquor control legislation is to regulate and to restrain, not to promote. Any loosening of that policy is the business of the legislature, not the courts. *State ex rel. Maloney v. Sierra*, 82 N.M. 125, 135, 477 P.2d 301, 311 (1970). The state has broad police power to regulate the liquor business, and the legislature may impose more stringent regulations on the liquor business than on other types of commerce. *Chronis*, 100 N.M. at 346, 670 P.2d at 957; *First Interstate Bank v. Taxation & Revenue Dep't,*

---

1. Inasmuch as amicus must take the issues in the case as it finds them and cannot raise issues not raised by the parties, *see St. Vincent Hosp. v.*

*Salazar*, 95 N.M. 147, 149, 619 P.2d 823, 825 (1980), we address only those issues raised by Petitioners.

**478**

108 N.M. 756, 758, 779 P.2d 133, 135 (Ct. App.), *cert. denied,* 108 N.M. 771, 779 P.2d 549 (1989). The police power of the state therefore may be put forth to regulate liquor in aid of what is held as prevailing morality. *State v. Prince,* 52 N.M. 15, 19, 189 P.2d 993, 996 (1948); *Beer Co. v. Massachusetts,* 97 U.S. (7 Otto) 25, 32, 24 L.Ed. 989 (1877); *see also* Morris D. Forkosch, *Constitutional Law* § 292 (2d ed. 1969).

In light of the unique nature of the business, the government has wide discretion and broad powers in the control of liquor traffic, subject, of course, to the minimum demands of due process and equal protection. *See Barnes v. Merritt,* 428 F.2d 284, 288 (5th Cir.1970); *see also West Cent. La. Entertainment, Inc. v. City of Leesville,* 594 So.2d 973, 976 (La.Ct. App.1992) (vagueness is governed by a lesser standard of definiteness when laws regulating business behavior are involved). Thus, it has been generally recognized that a statute which allows the regulation of liquor licenses based on the "morals" of the community is not unconstitutionally vague. *Kirby v. Alcoholic Beverage Control Appeals Bd.,* 25 Cal.App.3d 331, 101 Cal.Rptr. 815, 818 (1972); *Commonwealth v. Koehler's Bar, Inc.,* 204 Pa.Super. 25, 201 A.2d 306 (1964); *cf. Pruey v. Department of Alcoholic Beverage Control,* 104 N.M. 10, 13, 715 P.2d 458, 461 (1986) (legislature had a rational basis to allow local option districts to prohibit liquor sales on Sunday and Christmas). The refusal to grant a transfer of a liquor license to a neighborhood has therefore been affirmed based on testimony of pastors and local residents opposed to operations in the area when predicated on moral grounds. *Lyons Farms Tavern, Inc. v. Municipal Bd. of Alcoholic Beverage Control,* 55 N.J. 292, 261 A.2d 345 (1970); *cf. Woods v. Kraiberg,* 735 S.W.2d 202 (Mo.Ct.App.1987) (public drunkenness and loitering). In *Boreta Enterprises, Inc. v. Department of Alcoholic Beverage Control,* 2 Cal.3d 85, 84 Cal.Rptr. 113, 465 P.2d 1 (1970) (en banc), the California Supreme Court recognized the validity of a California statute permitting revocation of a liquor license if the manner of operation of the license is determined to be contrary to the public "welfare or morals," which that court defined in the following terms:

> It is ... the *public* morals, not the *private* morals of the officials or employees of the Department ... which must be the criteria in the instant case.... [W]e think the term "public morals" must be taken to mean the moral practices or modes or conduct "[p]ertaining to a \* \* \* whole community; \* \* \* relating to \* \* \* the whole body of people or an entire community."

*Id.,* 84 Cal.Rptr. at 123–124, at 11–12 (quoting *Black's Law Dictionary* 1393 (4th ed. 1951)).

We find the delegation of the legislative authority to disapprove the transfer of a license on moral as well as on safety and health grounds to be within the traditional definition of the state's police power and thus constitutional. *See Driggs v. City of Denison,* 420 S.W.2d 446 (Tex.Civ.App. 1967); *cf. Temple Baptist Church, Inc. v. City of Albuquerque,* 98 N.M. 138, 142–44, 646 P.2d 565, 569–71 (1982) (legislature may delegate police power based on aesthetic consideration alone).

For all of the above reasons, we affirm. IT IS SO ORDERED.

DONNELLY and PICKARD, JJ., concur.