883 P.2d 127

George DICK and Susan Dick,
Petitioners–Petitioners,

v.

The CITY OF PORTALES, The Alcohol
and Gaming Division of the State of
New Mexico Regulations and Licensing
Department, and Mary Ann Hughes,
Acting Director, Respondents–Respon-
dents.

No. 21694.

Supreme Court of New Mexico.

Aug. 29, 1994.

Warren F. Frost, Clovis, for petitioners.

Doerr & Knudson, P.A., Randy Knudson, Portales, for respondent City of Portales.

Tom Udall, Atty. Gen., Lynda Latta, Joel Cruz–Esparza, Asst. Attys. Gen., Santa Fe, for respondent Alcohol & Gaming Div.

Gerber & Ahern, Linda L. Aikin, Santa Fe, for amici Furrs Supermarkets, Inc., Giant Industries Arizona, Inc., Circle K Corp., & Brewer Oil Co.

Judith A. Olean, Santa Fe, Sive, Paget & Riesel, P.C., Steven Barshov, New York City, for amicus N.M. Municipal League.

Rhodes & Salmon, P.C., Mark M. Rhodes, Hazen H. Hammel, Albuquerque, for amicus Town & Country Food Stores, Inc.

## OPINION

FRANCHINI, Justice.

We granted certiorari to the Court of Appeals upon petition of George and Susan Dick. The Dicks contend that the Court erroneously upheld the district court's affirmance of an order by the Alcohol and Gaming Division denying transfer of a liquor license to the Dicks from the Small Business Administration. The SBA had obtained the license in a judicial foreclosure. The Director of the Division gave preliminary approval but ultimately denied the transfer based upon the Portales city council's refusal to approve transfer of the license. The city council had based its refusal on what it deemed "moral grounds" after a public hearing. Because we find that the city council's decision was not based upon substantial evidence and was therefore arbitrary and capricious, we reverse the Court of Appeals and the district court and vacate the Division's order.

*Operative facts and procedures below.* The Dicks applied to the Division for approval of a transfer of an existing liquor license for operation at a Portales location used by previous owners of the license. After a Division hearing on the matter, a hearing officer granted preliminary approval for the transfer. The officer found that there were no known legal prohibitions against the location and that there was no evidence that transfer of the license would be against the health, safety, or morals of the community. Pursuant to NMSA 1978, Section 60–6B–4(A) (Repl.Pamp.1994), the Division notified the Portales city council of its preliminary approval of the transfer. Under Section 60–6B–4(F)(3), the local governing body may disapprove a transfer if it determines that the transfer "would be detrimental to the public health, safety or morals of the residents of the local option district."

The city council held a public hearing regarding approval of the transfer at a regular council meeting. At the hearing, a minister stated that he objected to the transfer be-

cause he believed there had to be extra police in the area where the license was previously operated; that there was "loss of life over there quite frequently;" that there was "enough alcohol in town to pretty well drunk up everybody;" that there was a negative spiritual effect on families; that liquor had not brought a lot of money into Portales but he thought it cost money to incarcerate drunk people; and because he thought the building had been condemned. Another citizen testified that he didn't want to see drunk people coming over to his house and that liquor hurt families and was not good for Portales. Finally, a third citizen testified that two of her family members had been "lost" due to liquor, that liquor destroyed families, and that Portales did not need that. After hearing this testimony, the council voted to disapprove the license for moral reasons. The Division then denied transfer pursuant to Section 60–6B–4(H), which mandates that the Division finally disapprove of any transfer that has been disapproved by the local governing body.

Upon appeal to the district court, the court reviewed the record of the hearing and concluded that the council's decision was supported by substantial evidence and was not arbitrary or capricious or an abuse of discretion. In its opinion affirming the district court, the Court of Appeals first held that the Dicks failed to preserve their challenge to the competency and sufficiency of the evidence because they did not raise their contentions regarding those issues to the city council. *Dick v. City of Portales,* 116 N.M. 472, 475–76, 863 P.2d 1093, 1096–97 (Ct.App. 1993), *cert. granted,* 118 N.M. 695, 884 P.2d 1174 (1994).

■ *The council's decision may be reviewed despite appellant's failure to formally preserve error at the hearing.* A local governing body is acting in a quasi-judicial capacity when it is "required to investigate facts, or ascertain the existence of facts, hold hearings, weigh evidence, and draw conclusions from them, as a basis for their official action, and to exercise discretion of a judicial nature." *Black's Law Dictionary* 1245 (6th ed.1990); *cf. State ex rel. Battershell v. Albuquerque,* 108 N.M. 658, 662, 777 P.2d 386, 390 (Ct.App.1989) (stating that hearings before a zoning commission are quasi judicial); *Duke*

*City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 95 N.M. 401, 402, 622 P.2d 709, 710 (Ct.App.1980) (stating that hearings before Environmental Improvement Board are quasi judicial), *cert. denied,* 95 N.M. 426, 622 P.2d 1046 (1981). Therefore, its decision to disapprove transfer of a license as part of the administrative licensing process must be supported by substantial evidence using whole record review. *See Duke City Lumber Co. v. New Mexico Envtl. Improvement Bd.,* 101 N.M. 291, 294, 681 P.2d 717, 720 (1984).

■ We disagree with the Court of Appeals, however, that the appellant has to formally preserve error based on a substantial evidence argument at the city council informal "hearing" in order to obtain judicial review of the council's decision. None of the cases cited for authority by the Court of Appeals are on point with administrative hearings of this nature. *Cf. Sparks & Co. v. Hawks,* 42 N.M. 636, 637, 83 P.2d 981, 982 (1938) (holding that after a *trial,* appellant must have requested findings in order to challenge sufficiency of the evidence); *Musgrove v. Department of Health & Social Servs.,* 84 N.M. 89, 90, 499 P.2d 1011, 1012 (Ct.App.) (not a substantial evidence case; plaintiff attempted to change his basis of right on appeal), *cert. denied,* 84 N.M. 77, 499 P.2d 999 (1972); *Davis v. Los Alamos Nat'l Lab.,* 108 N.M. 587, 590, 775 P.2d 1304, 1307 (Ct.App.) (workers' compensation hearing is a formal trial on the merits; although not stated in this case, NMSA 1978, Section 52–5–8(B) (Repl.Pamp.1991) requires that the rules of appellate procedure be followed in workers' compensation hearings), *cert. denied,* 108 N.M. 433, 773 P.2d 1240 (1989). "*Any* judicial review of administrative action, statutory or otherwise, requires a determination whether the administrative decision is arbitrary, unlawful, unreasonable, capricious, or not based on substantial evidence." *Regents of the Univ. of N.M. v. Hughes,* 114 N.M. 304, 309, 838 P.2d 458, 463 (1992). Applicants at administrative hearings of this nature often are not represented by legal counsel. Our statutes do not require formal preservation of error before appeal may be taken from these decisions and we do not judicially impose such a requirement.

■ *The council's decision was not supported by substantial evidence.* The Dicks

also did not have to challenge the competency of the evidence presented to the council during the hearing in order for a reviewing court to find that the evidence was incompetent. Competent evidence is "evidence which in legal proceedings is admissible for the purpose of proving a relevant fact." *Chiordi v. Jernigan*, 46 N.M. 396, 402, 129 P.2d 640, 643 (1942). Competency is a question of law, *see* SCRA 1986, 11–104(A) (Repl.Pamp.1994), of which city council members would most likely have little legal understanding. The testimony in this case was incompetent for two reasons. The testimony of the witnesses was opinion testimony unsupported by substantiated facts. Generally, "witnesses must testify to facts, and not to opinions." *Duke City*, 95 N.M. at 405, 622 P.2d at 713 (quoting *Burch v. Valley Motor Lines, Inc.*, 78 Cal. App.2d 834, 179 P.2d 47 (1947)). A lay person who gives opinion testimony must show first-hand knowledge of the facts supporting his opinion and "a rational connection between the observations made and the opinion formed." *State v. Luna*, 92 N.M. 680, 684, 594 P.2d 340, 344 (Ct.App.1979); *see also* SCRA 1986, 11–701 (Repl.Pamp.1994) ("Opinion testimony by lay witnesses"). The minister offered no support for his allegations that there was an additional cost to the city when an additional liquor establishment was in operation or that lives were lost and "people knifed over there quite frequently" because of liquor sales. His opinion that "it doesn't seem to help, have an effect on students, . . . parents and family" was irrelevant in the particular proceedings. The citizen who testified regarding the loss of her son and husband did not relate those losses to sales of liquor by any particular establishment. The testimony of the citizens focused on the general evils associated with alcohol abuse.

■ Critically, however, the testimony was not sufficient to support denial of the transfer because the testimony did not associate the moral effect of transfer with the particular applicant. The citizens of Portales, as a body politic, have determined that liquor sales in Portales are not *in general* detrimental to the morals of the community. Years ago, the citizens of Portales voted to allow sales of liquor in their community and to allow inter-local option district transfers.

*See* NMSA 1978, § 60–5A–1 (Repl. Pamp.1994) (elections for local option). Once a municipality has decided to allow liquor sales, the discretion the city council has to deny a transfer on moral grounds must be based on the moral effects of the operation by a specific applicant or at a particular location. *Cf.* Section 60–6B–2(L) (providing that the Director consider matters specific to the applicant). For example, if testimony regarding violation of liquor laws by the Dicks, who operated another liquor-sales establishment, had been presented, the council's decision may well have been supported by substantial evidence. The testimony regarding general moral effect was not relevant to the question before the council. "Substantial evidence supporting administrative agency action is *relevant* evidence that a reasonable mind might accept as adequate to support a conclusion." *Oil Transp. Co. v. New Mexico State Corp. Comm'n*, 110 N.M. 568, 571, 798 P.2d 169, 172 (1990) (emphasis added).

■ *The Dicks did not have the burden to prove that the transfer would not be detrimental to the morals of the residents of the local option district.* The Court of Appeals stated that a liquor license applicant must "establish the statutory prerequisites which entitle movant to relief by a preponderance of the evidence," *Dick*, 116 N.M. at 477, 863 P.2d at 1098, and emphasized that the Dicks failed to introduce evidence. This failure, in the Court's view, justified denial of the transfer. *Id.* We disagree. By obtaining the preliminary approval of the license transfer by the Division, the Dicks made a prima facie case that they were entitled to the transfer. The statute provides that the local governing body must find that the "transfer *would be detrimental* to the . . . morals of the residents" in order to deny the transfer. Section 60–6B–4(F)(3). Thus, in order to uphold the council's decision, whether or not the Dicks presented evidence to the contrary, positive evidence showing that transfer would be detrimental had to be presented at the hearing. The Dicks had no duty to provide "negative" evidence of this requirement; the individuals opposing the transfer must provide any such evidence of a detrimental effect.

■ *Conclusion.* We do not need to address the constitutional issue raised since

 

we dispose of this case on other grounds. The city council disapproved transfer of ownership of the liquor license without any showing that ownership by the Dicks would violate the morals of the community. Nothing negative about the Dicks was presented to the council. The testimony before the council concerned certain facts relevant generally only to retailers' or dispensers' licenses, and specifically only to the licensed premises when operated by former owners. To support a disapproval of the transfer of ownership alone, any detriment to the morals of the residents of the local option district must relate to the qualifications of the transferee to hold the license. We reverse the decisions of the trial court and the Court of Appeals and vacate the Division order. Because the transfer has been approved by the Division and the Director may transfer the license without local governing body approval after a hearing under Section 60–6B–4(G), we remand to the Division for entry of an order transferring the license to the Dicks.

**IT IS SO ORDERED.**

RANSOM and BACA, JJ., concur.