883 P.2d 131

**In the Matter of NEW MEXICO LIQUOR LICENSE NO. 4035.**

**TOWN & COUNTRY FOOD STORES, INC., Petitioner–Appellant,**

v.

**Mary Ann HUGHES, Director, Alcohol and Gaming Division of the New Mexico Department of Licensing and Regulation, and the City Commission of the City of Clovis, as a governing body under the Liquor Control Act, Respondents–Appellees.**

No. 21468.

Supreme Court of New Mexico.

Aug. 29, 1994.

Rhodes & Salmon, P.C., Mark M. Rhodes, Hazen H. Hammel, Albuquerque, for appellant.

Tom Udall, Atty. Gen., Frank D. Weissbarth, Asst. Atty. Gen., Santa Fe, Van Soelen, Greig & Richards, P.A., David F. Richards, Clovis, for appellees.

**OPINION**

FRANCHINI, Justice.

Town & Country Food Stores, Inc., appeals from a district court order affirming

the denial of an inter-local option district transfer of a liquor license. We have this day issued an opinion in *Dick v. City of Portales,* 118 N.M. 541, 883 P.2d 127 (1994), that sets the standard for specific relevant and competent evidence that will support a governing body's decision to disapprove transfer of a liquor license. Using that standard, we conclude that the decision of the Clovis City Commission to disapprove transfer was not supported by substantial evidence; therefore we reverse.

As in *Dick,* the Director of the Alcohol and Gaming Division gave preliminary approval for transfer after Town & Country showed that it met the statutory requirements for transfer. The Director gave notice to the city of Clovis, which held a public hearing on the matter pursuant to NMSA 1978, Section 60–6B–4(A) (Repl.Pamp.1994). A governing body may disapprove transfer of a license if it determines that the transfer "would be detrimental to the public health, safety or morals of the residents of the local option district." Section 60–6B–4(F)(3). In *Dick,* the city council of Portales disapproved a transfer based on moral grounds; in this case, the commissioners disapproved this transfer for safety reasons.

Upon review of the record, we find no relevant evidence based upon first-hand knowledge or supported facts to show that the particular transfer would have a detrimental effect on the safety of the residents of the local option district.

■ One of the city commissioners stated that he believed that the intersection where the proposed license was to be operated was "already overloaded with traffic" and thus might present a safety problem. He offered neither traffic control statistics to show that there would be an increase in traffic nor factual support to show that there would be a decrease in safety. General, unsupported opinion testimony is not sufficient to support disapproval of a transfer. *See Dick,* 118 N.M. at 543–544, 883 P.2d at 129–130.

■ The testimony of the representative of Mothers Against Drunk Drivers stated that "one out of ten persons driving on our streets is legally intoxicated. A greater availability of alcohol will increase the possibility of [accidents] involving harm in our community." This testimony was based upon speculation and was irrelevant. It was relevant, if at all, only to general safety concerns and was unsubstantiated with statistics based on facts relevant to the local community. Disapproval of a liquor license transfer must be based upon authentic facts related to a specific prospective licensee or location. *Id.* at 544, 883 P.2d at 130.

A concerned citizen testified that there were "a lot of problems with liquor establishments." This testimony is irrelevant to the Town & Country application. The only evidence in the record is that Town & Country had received no liquor control violations for the past seven years of licensing in other locations. The citizen also expressed concern that there was a family restaurant across the street from the proposed site, and that advertising would have a detrimental effect upon children. This testimony disfavoring the sale and advertisement of liquor in general is irrelevant to a specific transfer. The citizens of Clovis have voted that they want liquor to be sold and advertised in their community and that they approve of inter-local transfers that would raise the license quota of the community. *See id.;* Section 60–6B–12 ("Inter-local option district transfers").

The Commission failed to support its finding that the particular transfer would be detrimental to the safety of the residents and therefore its disapproval is invalid. We reverse the trial court, vacate the order denying approval of the transfer, and remand to the Director. Because the transfer already has been approved by the Division, the Director should enter an order approving the transfer of the license. *See* Section 60–6B–4(G) (providing for final approval without local governing body approval after a hearing).

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and BACA, J., concur.