This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 35,947**

**DENNIS FONT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, Pro Tem, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}      Defendant Dennis Font appeals from the district court's order revoking his probation and committing him to the Department of Corrections. This Court issued a notice of proposed disposition in which we proposed to affirm. Defendant has filed

a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In his docketing statement, Defendant asserted that the district court abused its discretion in revoking his probation because there was insufficient evidence to support a violation. [DS 5-6] *See State v. Martinez*, 1989-NMCA-036, ¶ 5, 108 N.M. 604, 775 P.2d 1321 ("We review the trial court's decision to revoke probation under an abuse of discretion."). In this Court's calendar notice, we proposed to conclude that, based on the testimony provided by Defendant's probation officer, there was sufficient evidence to establish to a reasonable certainty that Defendant violated his probation by using drugs and failing to seek, obtain, and maintain full-time employment. [CN 2-4]

**{3}** In his memorandum in opposition to our notice of proposed disposition, Defendant does not point out specific errors in fact or law. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nevertheless, Defendant maintains that the State failed to present sufficient evidence to establish that he used drugs or failed to seek employment. [MIO 1]

{4} With respect to his violation for drug use, Defendant acknowledges that his probation officer testified that he "failed a random UA and thereafter admitted to using methamphetamine." [MIO 6] However, Defendant asserts that this evidence was insufficient because "the UA results were not in evidence and [Defendant] did not testify or otherwise acknowledge that he made such an admission to his [probation officer]." [MIO 6] We are not persuaded by Defendant's argument, and we conclude that the State introduced sufficient proof—through his probation officer's testimony—which would incline "a reasonable and impartial mind to the belief that [D]efendant . . . violated the terms of probation [by using drugs]." *Martinez*, 1989-NMCA-036, ¶ 4.

{5} With respect to his violation for failing to seek, obtain, and maintain full-time employment, Defendant argues that there was insufficient evidence that he willfully failed to seek and obtain employment during his term of probation. [MIO 6-8] *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 ("To establish a violation of a probation agreement, the obligation is on the State to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof."). Defendant asserts that his probation officer acknowledged that Defendant had disclosed to him that Defendant had been experiencing problems with his mental and physical health, and Defendant claims that *if* he had failed to seek and obtain

3

employment, "there is evidence that it could have been the result of his deteriorating health." [MIO 7] Defendant further claims that "[t]he record is simply silent on the length of time that [Defendant] was having problems with his health. He could very well have been experiencing health problems throughout his term of probation and for many years; it is unknown." [MIO 7]

{6} We acknowledge that willful conduct is a requisite. However, as we have previously stated, "[o]nce the [S]tate offers proof of a breach of a material condition of probation, [D]efendant must come forward with evidence [to show that his non-compliance] was not willful." *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99; *see Martinez*, 1989-NMCA-036, ¶ 8 (explaining that probation should not be revoked where the violation is not willful, in that it resulted from factors beyond a probationer's control). "[I]f [D]efendant fails to carry his burden, then the trial court is within its discretion in revoking [Defendant's probation]." *Martinez*, 1989-NMCA-036, ¶ 8. In the present case, there is no indication that Defendant came forward with evidence to show that his failure to seek and obtain employment throughout his probation was somehow not willful. Therefore, we conclude that Defendant did not carry his burden, and the district court was within its discretion in revoking his probation for failing to seek and obtain employment. Moreover, as Defendant acknowledges, this Court may affirm the revocation if there is sufficient

4

evidence supporting just one violation [MIO 6, 8], and as discussed above, there was sufficient evidence to support Defendant's violation for drug use. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating that "although [the d]efendant challenges the sufficiency of the evidence supporting each of his probation violations, if there is sufficient evidence to support just one violation, we will find the district court's order was proper").

{7}     Thus, for the reasons stated above and in this Court's notice of proposed disposition, we conclude that there was sufficient evidence to support the district court's determination that Defendant violated his probation agreement. Accordingly, we affirm the revocation of Defendant's probation.

{8}     **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**TIMOTHY L. GARCIA, Judge**

**J. MILES HANISEE, Judge**

5